THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. DOROTHY GREENE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 15, 1957—Decided July 31, 1957.

Before Judges Hughes, Price and Coolahan.

*Mr. Philip J. Mylod* argued the cause for the defendant-appellant.

*Mr. C. William Caruso,* Special Legal Assistant Prosecutor argued the cause for the plaintiff-respondent (*Mr. Charles V. Webb, Jr.,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by
Price, J. S. C. (temporarily assigned). Defendant Dorothy Greene was tried and convicted of violating *N. J. S.* 2*A* :151–56. The crime was alleged to have occurred on October 20, 1956. She was convicted February 7, 1957.

The statute provides in part as follows:

"Any person who * * * possesses with intent to use unlawfully against another, any instrument or weapon [specifically enumerating the weapons, including a revolver] is guilty of a high misdemeanor."

Defendant, in appealing from the judgment of conviction, contends that (a) the indictment fails to charge a crime and (b) there was a fatal variance between the allegations of the indictment and the proofs.

Defendant's challenge is based on the fact that the indictment asserts that the intended unlawful use of the revolver was *"against divers persons* to the Grand Jurors aforesaid unknown," although the crime defined in the statute is one which envisions the possession of the weapon with intent to use it unlawfully *against another.*

The contention is made by defendant that the name of the person against whom the defendant is alleged to have intended to use the revolver must be designated if conviction is sought under the statutory provision in question.

The State supports the conviction on the theory that the statutory provision is met so long as the indictment alleges an intent to use it against another (in this case divers persons) and that the "divers persons" were "unknown" to

the grand jurors. It is asserted that the fact that the persons were unknown to the grand jurors is a true statement, that it is presumed to be true and that there is nothing to indicate that the averment of want of knowledge was in fact untrue.

The court determines that the conviction should be sustained. The statute in question is set forth under the chapter which is entitled "Weapons and Explosives." It deals with crimes against the general public safety flowing from the unlawful manufacture, sale and possession of weapons. It is not the type of crime envisioned by *N. J. S.* *2A*:90 *et seq.* entitled "Assault and Battery," which refers to crimes of violence against the person of another, in which case it would be requisite that the person against whom it was claimed the defendant intended to use the weapon be named.

The essential elements of the offense are the possession of the weapon and an intent to use it unlawfully against another. The indictment is not fatally defective if it fails to name or otherwise describe such other person. The identity of the intended victim is not a material part of the crime charged, such as in the case of *State v. White,* 129 *N. J. L.* 200 (*Sup. Ct.* 1942), affirmed 130 *N. J. L.* 527 (*E. & A.* 1943).

Defendant relies in part on the case of *State v. Smith,* 89 *N. J. L.* 52 (*Sup. Ct.* 1916) but that case lends no support to defendant's contention in the case at bar. There can be no doubt that if the name of a person, which name was necessary for a description of the crime, be known it must be inserted in the indictment, whereas if unknown a truthful recital of such fact is justified. The case does not hold that in an indictment charging a crime of the type presented by the case at bar the naming of an intended victim is necessary for a description of the crime.

The sole contention of defendant on this point is that the word "another" means a separate and particular person, and that the indictment which uses the words "divers persons to the grand jurors unknown" does not allege a crime.

Defendant concedes that if the indictment charged "with intent to use the said weapon against 'John Doe,' a person to the Grand Jurors aforesaid unknown" it would have been satisfactory.

In view of the nature of the statutory objective involving punishment for the possession of a deadly weapon, we hold that description of the intended victim or victims as "divers persons" is not fatal.

Ample legal justification exists for the allegation of lack of knowledge of a grand jury as to the identity of persons against whom it is alleged a defendant has the intent to use a weapon. *State v. Smith, supra; State v. Faure,* 98 *N. J. L.* 18 (*Sup. Ct.* 1922); *State v. Rappise,* 3 *N. J. Super.* 30 (*App. Div.* 1949). There is no evidence in the case at bar that this grand jury's disaffirmance of such knowledge is untrue.

Neither do we find justification for defendant's assertion that there is a variance between the allegations of the indictment and the proofs.

Defendant's contention stems from the fact that at the trial her written confession procured by police officers was offered in evidence. This confession, dated October 22, 1956, describes defendant's activities during a portion of the day on which defendant was alleged to have committed the crime; that she had certain difficulty with a woman named Shirley Sutton; that there was a scuffle in an apartment at 204 Broome Street, Newark, during which defendant was knocked to the floor and was cut; that she then left the apartment, went to a place where she was employed as a domestic, procured a revolver and shells from a wardrobe in her employer's bedroom. The remainder of the statement was as follows:

"I took the revolver and shells and left the house and started walking back to Leroy's house at 204 Broome Street and shoot Shirley Sutton for what she did to me. As I got near Leroy's house, I took the revolver from under my skirt, where I was carrying it, and loaded it with five shells.

I walked into the first floor of Leroy's House at 204 Broome and I knocked on the door again and some one inside hollered out that Shirley Sutton had left and went next door. I asked 'Where in 210 Broome?' and the man inside said 'Yes, next door.'

I went into the house at 210 Broome, up to John Washington's rooms on the third floor and took out the revolver and waved it around and asked a couple of people there 'where is she?' Nobody up there knew what I was talking about and one of the colored men in the house, I think his name is Thomas Cooper, made a grab for me and took the revolver out of my hand. I then stood around on the third floor and in a few minutes a Special Policeman came upstairs and took me down to the street and Thomas Cooper turned the revolver over to him.

At Police Headquarters, as I gave this statement I marked the revolver with my initials 'D. G.' for identification. This revolver was fully loaded with five .38 caliber shells, and is a Smith and Wesson with the serial number A-808 stamped on the frame."

There is no suggestion in defendant's statement that Shirley Sutton was present when defendant had the revolver. There is no proof that anyone present at 210 Broome Street knew about whom she was speaking. The State's position is that it could not locate any person by the name of Shirley Sutton and it is not established that there is such a person. The State felt that this was a case where defendant carried and possessed the weapon with a specific intent to use it unlawfully, but the identity of the person or persons was unknown to the grand jurors, hence the denial of such knowledge in the indictment. In any event, as stated, there is no evidence that defendant's confession was before the grand jury or that the grand jury's denial of knowledge of the identity of the intended victim was untrue.

The revolver itself was found by the police officer under a mattress in the room at 210 Broome Street, and testimony was that the defendant said she had the gun.

Although a meagre transcript is before us, statements of defendant's counsel, in resisting the admission of the confession in evidence, and on motion for dismissal, appear. These statements sufficiently establish that the requisite *quantum* of evidence existed at the trial to support the charges made in this indictment, which indictment we have here found to be valid.

There was no significant or factual variance between the proofs and the indictment.

The judgment is affirmed.