**STATE of Iowa, Appellee,**

v.

**Roscoe C. HAMILTON, Appellant.**

No. 53824.

Supreme Court of Iowa.

Sept. 2, 1970.

Morris & Morris and Thomas J. Reilly, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Roxanne Barton Conlin, Asst. Atty. Gen., and Darrell Goodhue, County Atty., for appellee.

REES, Justice.

Defendant was convicted of the crime of larceny from a building in the daytime in violation of section 709.5, Code, 1966. On conviction he was sentenced to serve a term of not more than five years in the penitentiary, and appeals from such judgment. We affirm.

On November 12, 1967, the defendant was traveling from Kansas City to his home in Minneapolis. He was driving a white Cadillac, bearing Minnesota license plates number 19–314. He was accompanied by one John Lee, with whom he had been acquainted for some time, but whom he had met by chance in Kansas City and for whom he was affording transportation from Kansas City to Des Moines. When they reached Indianola, the defendant drove his car into the parking lot of a supermarket and his companion Lee alighted from the automobile and entered the supermarket which was then open for business. Shortly

thereafter the defendant entered the market. A daughter of the proprietor was working at the checkout counter. While she was assisting the defendant's companion in finding some tipped cigars, she heard the bell on the cash register at the checkout counter ring, and on turning around observed the cash drawer of the register was open and saw the defendant stuffing currency into his pocket. He thereupon threw down on the checkout counter a package of stationery which he had picked up, and left the store. She continued waiting upon Lee who paid for some purchases he had made and who then also left the store. She went to the door or window of the store and made a notation of the model and license number of the car and alerted her father, the proprietor, who upon checking the cash register found approximately $480 had been taken. The defendant and his companion were apprehended by the police in the outskirts of Des Moines, and a quantity of currency was found on their persons. They were then returned to the custody of the sheriff at Indianola, where they were identified by the witness as being the same persons she had observed in the store previously.

Defendant asserts two propositions upon which he relies for reversal: (1) the trial court erred in failing to grant defendant's motion for a directed verdict made at the close of all the evidence and reasserted in his motion for a new trial for the reason that the evidence is insufficient to sustain a conviction; and, (2) the trial court erred in submitting instruction number 6A in that said instruction did not fully set forth the law in regard to the crime of aiding and abetting and the court committed prejudicial error in the submission of said instruction in that the instruction was not authorized by the pleadings and the evidence.

I. The trial court was obviously justified in submitting the matter to the jury. The defendant was positively identified by the witness who observed him stuffing currency in his pocket while standing at the checkout counter and proximate to the cash register, the cash drawer of which she observed to be open. While it is true the defendant categorically denied having taken the money or anything of value from the store, there was abundant testimony justifying the trial court in submitting the case to the jury for determination.

II. Instruction 6A, submitted by the trial court to the jury, is as follows:

"It is the law of this State that all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet in its commission, must be tried and punished as principals. However, the guilt of one who aids and abets another in the commission of an offense must be determined upon the facts which show his part in it.

"To aid and abet, as used in these instructions, is meant to assent to an act, or to lend to it countenance and approval, either by active participation in it or by in some manner advising or encouraging it before or at the time of the commission. Aiding and abetting implies something more than mere presence at the time of the commission of the offense. It implies affirmative encouragement or assistance in the commission of the offense.

"In this case if you find that the State has shown beyond a reasonable doubt that the offense charged in the information has been committed and that it has also shown beyond a reasonable doubt that the defendant aided and abetted in the commission of the offense, this would be sufficient to justify you in finding the defendant guilty. But if you do not so find, then you should find the defendant not guilty."

Defendant's first complaint directed toward the instruction is that it did not fully set forth the law in regard to crime of aiding and abetting.

The record discloses that prior to the submission of its instructions to the jury, tentative draft of instructions was submitted to counsel as is required by section 780.35, Code, and the Rules of Civil Procedure, and that counsel for the defendant had had ample opportunity to examine the same and reserved exceptions and objections until such time as supplemental or auxiliary proceedings might be undertaken.

The defendant's first attack on instruction number 6A was in his motion for new trial and in arrest of judgment, subsequent to verdict. We recognize the right of a defendant in a criminal case to attack the court's instructions for the first time in motions for new trials, but also recognize this right is subject to exceptions. The right may expressly be waived, or if the instruction was correct as given but not as explicit as the defendant might have desired, he is required to request an additional instruction before the jury is charged. State v. Brown, Iowa, 172 N.W. 2d 152, 157, and cases therein cited. See also State v. Baker, 246 Iowa 215, 230, 66 N.W.2d 303, 311. The rule is well settled that where the instruction given is correct, although not as explicit as a party may desire, error cannot be based thereon in the absence of a request for additional instruction. State v. Baker, supra; State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484.

III. The defendant further contends the instruction as given did not properly define the "crime of aiding and abetting," and the instruction was not authorized by the pleadings and the evidence. The defendant was charged specifically with the violation of section 709.5, which defines the crime charged as larceny from a building in the daytime. He insists that the State's theory was not that the defendant aided and abetted another in the commission of the offense, but rather that he personally committed the wrongful act of removing the currency from the cash register. It should be noted the possibility of the wrongful act having been committed by the defendant's companion Lee was interjected into the case by the defendant himself while testifying in his own behalf. In answer to his counsel's interrogation, he stated that when he heard the bell on the cash register ring, the girl at the checkout counter was ringing the cash register in front of Lee, that Lee and the checkout girl were standing face to face, and that Lee was in the same position in the store when he, the defendant, left the store. We conclude the trial court was justified in instructing the jury as it did in instruction 6A with regard to the criminal responsibility of one who aids and abets another in the commission of a public offense.

We find no reversible error. The cause is therefore affirmed.

Affirmed.

All Justices concur.