**STATE of Iowa, Appellee,**

v.

**Edward Gene GILMORE, Appellant.**

**No. 53056.**

Supreme Court of Iowa.

Nov. 10, 1970.

Rehearing Denied Feb. 9, 1971.

Anthony M. Critelli, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., Ray Fenton, County Atty., Des Moines, for appellee.

MASON, Justice.

Defendant Edward Gene Gilmore was indicted, tried and convicted by a jury of assault with intent to commit murder contrary to section 690.6, Code, 1966. Following his conviction, Gilmore was sentenced by the Polk district court to imprisonment in the state penitentiary at Fort Madison not to exceed 30 years.

Defendant appeals from this judgment. His four assignments of error relied on for reversal challenge the court's refusal to give defendant's requested instructions.

The incident giving rise to the criminal charge occurred November 25, 1967 in a Des Moines tavern. David Thacker, his brother Glen and Ned Hill arrived at the tavern about 9 p. m. They circulated among the other patrons, visiting with acquaintances, drinking alcoholic beverages and either engaging in or watching a pool game. Each seems to have gone his own way.

Neither the Thacker boys nor Hill knew defendant who had been in the tavern for some time when they arrived. About 30 minutes after their arrival while David was sitting in a booth having a drink with Richard Dennis and John Leib whom he knew, Gilmore came and sat with them. Apparently Gilmore was acquainted with Dennis. After a short time Gilmore left the booth and his whereabouts for the next 15 or 20 minutes is not clear from the record. Evidently David, Dennis and Leib had left their table and were standing near the front door watching a pool game when David saw Gilmore coming from the corner of the bar with a gun pointed toward the three of them. Thus armed Gilmore ordered everyone from the tavern. Some took his suggestion. As defendant came closer, David attempted to wrestle the gun from him and was shot in the hand. Glen, returning from the restroom, went to the aid of his brother and in the confusion which followed was shot in the head by defendant.

Any factual controversy is unimportant in the view we take of appellant's appeal.

Defendant elected not to offer any evidence at the close of the State's case. At this point he filed written request for instructions which were refused. Defendant made no objections to the final draft of the court's instructions before they were read and submitted to the jury and failed to take any exceptions to the court's refusal to give his request. He did not file a motion for a new trial and makes no contention here that the court misdirected the jury in a material matter of law in the instructions as given.

Defendant asserts his assignments of error in this state of the record.

I. The State contends that by reason of defendant's failure to specifically object to the court's refusal to give his request nothing is presented for review by defendant's assignments.

It relies on this statement in State v. Schmidt, 259 Iowa 972, 979, 145 N.W.2d 631, 635–636, certiorari denied, 386 U.S. 965, 87 S.Ct. 1046, 18 L.Ed.2d 115:

"Section 780.35, Code, * * * [1966], provides: 'Instructions: The rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions.'

"Rule 196, Rules of Civil Procedure, as pertinent here, provides: 'Instructions. The court shall instruct the jury as to the

law applicable to all material issues in the case and such instructions shall be in writing, in consecutively numbered paragraphs, and shall be read to the jury without comment or explanation; * * *. At the close of the evidence, or such prior time as the court may reasonably fix, any party may file written requests that the jury be instructed as set forth in such requests. Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues, which shall not be part of the record. Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing· or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. * * *.' "

In Olson v. Truax, 250 Iowa 1040, 1050, 97 N.W.2d 900, 906, we said: "The rule is just as definite in requiring objections to the refusal of requested instructions to specify the grounds thereof as is required of objections to instructions actually given."

A party may not rely on a mere refusal to give requested instructions. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 201, 61 N.W.2d 696, 701. The trial court's notation of a general exception to refusal of requested instructions is not a compliance with the rule and is no basis on which to assign error here. State v. Boston, 233 Iowa 1249, 1254, 11 N.W.2d 407, 410.

This rule requires, in order to predicate error for review upon the trial court's refusal to give requested instructions, proper exceptions must be preserved by the party timely specifying the part of the instruc-

tion requested and refused and the particular point or points of law or questions of fact in dispute which the court supposedly erred by omission to instruct.

In addition to the authorities cited supra Stewart v. Hilton, 247 Iowa 988, 995, 77 N.W.2d 637, 641; Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 412, 86 N.W. 2d 822, 827; Christianson v. Kramer, 257 Iowa 974, 980–981, 135 N.W.2d 644, 648; Campbell v. Martin, 257 Iowa 1247, 1254, 136 N.W.2d 508, 513, and authorities cited in these opinions support our conclusion here.

Since defendant failed to thus take exceptions to the trial court's failure to give his requested instructions his assignments of error present nothing for review.

The case is

Affirmed.

All Justices concur.