**STATE of Iowa, Appellee,**

v.

**John Paul BRANDT, Appellant.**

**No. 54094.**

Supreme Court of Iowa.

Jan. 19, 1971.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David Elderkin and James W. Hughes, Asst. Attys. Gen., and Ray A. Fenton, County Atty., for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with the crime of manslaughter, defendant entered a not guilty plea. Trial jury found him guilty. Defendant's motion for new trial was overruled, judgment entered, and he appeals. We affirm.

The sole errors asserted here relate to some instructions requested and others given.

Under these circumstances it will suffice to briefly note that upon seeing someone in or near his automobile, at night, defendant shot and killed the prowler. The instant action was thereupon brought.

I. The first complaint voiced by defendant on appeal is, in essence, trial court erroneously refused to give a requested instruction relative to what is designated as "character evidence."

■ A search of the record discloses defendant's trial counsel took no exception to the court's refusal of his requested instruction either before the instructions were read or in the motion for new trial.

This alleged error need not therefore be considered. The Code 1966, Section 782.1; Iowa R.Civ.P. 196; State v. Gilmore, (Iowa), 181 N.W.2d 145, opinion filed November 10, 1970; State v. Boston, 233 Iowa 1249, 1254–1255, 11 N.W.2d 407. See generally 88 C.J.S. Trial § 425; 53 Am. Jur., Trial, § 832.

Be that as it may, all instructions requested have been reviewed and found to be either incorrect, or to the extent applicable were substantially embodied in those given.

■ II. Although instruction 7 regarding "character evidence" is not a model to be followed, it appears to give defendant the benefit of any doubt relative to credibility testimony presented in his behalf. See State v. Hobbs, 172 N.W.2d 268, 271–272 (Iowa); 41 Iowa L.Rev. 325, 346. See also State v. Levy, 160 N.W.2d 460, 469 (Iowa); State v. Johnson, 215 Iowa 483, 491–493, 245 N.W. 728; 24 Iowa L.Rev. 498.

In this respect, as best we can determine, evidence presented by the accused went not to pertinent character traits but rather to his reputation for truth and veracity. This line of testimony was introduced absent any apparent challenge as to admissibility.

■ That brings into focus a well established principle that, unless the credibility of any witness is first placed in issue, no sustaining evidence is allowed. See Homan v. United States, (8 Cir.), 279 F.2d 767, 772; McCormick, Evidence, (single volume), § 49; 3 Jones on Evidence, (4th ed.), § 865; 1 Underhill's Criminal Evidence, (5th ed.), § 241; Annots. 15 A.L.R. 1065; 33 A.L.R. 1220.

It is to us evident instruction 7 was most favorable to defendant and, under existing circumstances, he instantly has no cause for complaint.

Additionally the sole protest voiced in course of trial by defendant's attorney was a bare objection without specification of any ground, not later referred to in his new trial motion.

■ This actually affords no basis for consideration of the matter on review. See The Code 1966, Section 782.1; Iowa R.Civ.P. 196; State v. Brown, 172 N.W.2d 152, 157–160 (Iowa); State v. Franklin, 163 N.W.2d 437, 441 (Iowa); State v. Fiedler, 260 Iowa 1198, 1204–1205, 152 N. W.2d 236; 53 Am.Jur., Trial, § 833.

III. Defendant also challenges instruction 5 as given.

The only objection asserted by trial counsel with reference thereto was, "[S]aid instruction does not fairly and accurately represent the law in this situation and is likely to mislead and confuse the jury specifically regarding the circumstances under which Defendant might use reasonable force to prevent the illegal taking of his property." Here again the new trial motion makes no reference to this subject.

On appeal defendant's attorney additionally asserts instruction 5 combined elements of proof to be established by the prosecution and defendant's defense, thereby creating confusion.

■ This was not the objection asserted in course of trial. Being raised here the first time we are not required to consider it. In that regard Rule 196 directs, in

part, all objections to instructions must specify the objectionable matter, on what grounds, and none other will thereafter be considered. See State v. Ford, 259 Iowa 744, 751–752, 145 N.W.2d 638. See also State v. Hamilton, 179 N.W.2d 369, 371 (Iowa); State v. Brown, 172 N.W.2d 152, 157–160 (Iowa); Schall v. Lorenzen, 166 N.W.2d 795, 797 (Iowa).

Furthermore, assuming, arguendo, the complaint registered on appeal embraces that interposed by trial counsel, it still remains there is actually nothing definite for us to consider.

■ As aforesaid, the objection initially made was to the effect instruction 5 would likely mislead the jury regarding reasonable force defendant might employ in protecting his property. This is best characterized as an omnibus statement which hardly qualifies as a specific objection. It alerted trial court to no particular error, if any, to be corrected. See generally, Vint v. Ashland, 258 Iowa 591, 600–602, 139 N.W.2d 457; State v. Kramer, 252 Iowa 916, 918–919, 109 N.W.2d 18; 1 Reid's Branson Instructions to Juries, (3d ed.), § 173; 88 C.J.S. Trial § 422.

■ IV. Admittedly, however, instruction 5 is lengthy, but that alone does not make it prejudicially erroneous. See 88 C.J.S. Trial § 335; 53 Am.Jur., Trial, § 558. Cf. State v. Blair, 209 Iowa 229, 235, 223 N.W. 554.

The jury was thereby told what must be proved by the State before defendant could be found guilty, then explained his rights in the exercise of reasonable force to prevent an unlawful taking of property.

■ The inclusion in one instruction of a proper direction regarding proof essential to convict, and elements of a defense, though never encouraged, is not per se reversible error. By way of analogy this court has repeatedly held, all instructions given are to be considered together. State v. Upton, 167 N.W.2d 625, 630 (Iowa).

See also State v. Jiles, 258 Iowa 1324, 1336–1338, 142 N.W.2d 451.

V. In keeping with The Code 1966, Section 793.18, the instructions given have been duly considered. Although those here questioned are not necessarily approved as to form, we find in them no such error as can be said to have deprived defendant of a fair trial.

Affirmed.

All Justices concur.