STATE of Iowa, Appellee,

v.

Robert LeRoy BUCHANAN, Appellant.

No. 55573.

Supreme Court of Iowa.

May 23, 1973.

William L. Springer, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Ronald M. Kayser, Marshall County Atty., for appellee.

UHLENHOPP, Justice.

This appeal involves problems which arose in the trial of a charge of going armed with intent. See Code 1973, § 695.1.

Defendant Robert LeRoy Buchanan, married and the father of two small children, had a drinking problem. He did lawn work for a living. After work on the day in question, he went to three lounges, where he consumed about three glasses of beer and seven to nine "screwdrivers." That evening his wife found him in one of the lounges. After a few words she went home. Defendant arrived home later and went upstairs.

Defendant's wife and children then left the home. Defendant shouted after her and she shouted back. He then chased her and she ran with the children to St. Mary's Rectory, about 200 to 300 feet away. Overtaking her, defendant struggled with her on the rectory porch. The pastor came out, eventually got the wife and children inside, and himself stayed outside trying to

calm defendant down. Meantime someone notified the police.

Defendant returned home but soon came back across the street with his hand behind his back. About this time the police arrived. Defendant pulled a loaded pistol from behind his back and confronted one of the officers, who also drew his gun. The two men talked, and the officer, evidently an individual with a cool head and considerable courage, holstered his own gun and eventually persuaded defendant to hand over his pistol.

The officers arrested defendant, and the county attorney charged him with going armed with intent. A jury found him guilty and the trial court sentenced him. He appealed.

The appeal involves four main questions. First, was defendant entitled to a directed verdict? Second and third, did the trial court err in its instructions on intent and on intoxication? And fourth, did the trial court rule erroneously on objections to questions by the prosecutor during reception of evidence?

I. *Directed Verdict.* Defendant contends he was entitled to a directed verdict on two grounds: (a) the State introduced no proof of the specific individual or individuals against whom defendant intended to use his pistol, and (b) defendant went only a limited distance from his home.

(a) So far as material, § 695.1 of the Code provides:

Any person who with intent to use the same unlawfully against the person of another goes armed with a pistol . . . shall be guilty of a felony.
. . .

■ This statute contains no requirement that a person going forth with a pistol have intent to shoot some particular person or class of persons. If he intends to use the weapon against the person of *someone* unlawfully, the intent element of the crime is satisfied. State v. Greene, 46 N.J.Super. 120, 134 A.2d 118. Under the evidence here, the jury could certainly find that defendant intended to use the gun on someone.

■ (b) Defendant cites no authority in point for his contention that he could not be guilty if he was near his home, and we have found none. We do not have a case of a man defending his home against attack, and need not consider that. The distance an armed individual goes from his home might be relevant upon the intent element in a proper case, but that would be a matter for the jury. On this aspect of the case, see the facts in State v. Hunley, 167 N.W.2d 645 (Iowa).

We hold neither ground entitled defendant to a directed verdict.

II. *Instruction on Intent.* The trial court instructed the jury that the State had to prove (a) defendant went armed with a pistol (b) intending to use it unlawfully against the person of another. The court further instructed that if the State proved each of those propositions beyond a reasonable doubt, the jury should find defendant guilty, but if the State did not so prove one or both of the propositions, "then you will find the defendant not guilty."

The court explained the two propositions in succeeding instructions. Instruction 7 dealt with the second element—intent. It repeated the requirement that the State prove as a fact "an intent existed in the mind of the defendant to use a pistol unlawfully against the person of another." Also, "The jury should bear in mind that the intent in question must be (1) to use the pistol unlawfully, and (2) against the person of another." Following that language, the court said the following regarding the matter of unlawfulness:

Acts threatening violence to the person of another, coupled with the ability, intent and means to commit the threatened violence, constitutes an assault, and is unlawful. The willful pointing of a gun at another is also unlawful.

The court closed the instruction with the statement that the jury should examine the evidence closely to determine whether or not defendant had specific intent to use the pistol unlawfully against the person of another.

Defendant extracts the part we have set out regarding unlawfulness and argues that the trial court in substance directed a verdict: if the jury found defendant committed an assault or willfully pointed a gun at another, defendant would be guilty of going armed with intent.

■ Defendant can reach that result only be considering the part set out in isolation. But that is not the way instructions are considered. State v. Morelock, 164 N.W.2d 819 (Iowa). Taken as a whole, the instructions laid the issue before the jury fairly.

Defendant's complaint about this instruction is not well-founded.

III. *Instruction on Intoxication.* The trial court's instruction on intoxication was along the line of Iowa Uniform Jury Instruction 501.18, which among other things places the burden of proof on the accused to establish by a preponderance of the evidence that by reason of intoxication he was incapable of forming the requisite intent. Defendant contends before us that the trial court misdirected the jury in this respect. Defendant says the instruction shifts burden of proof on intent, and he cites Stump v. Bennett, 398 F.2d 111 (8 Cir.).

We have no occasion to deal with the merits of defendant's contention, for defendant did not preserve the claimed error.

■ This matter arose three times in the trial court. First, defendant requested an instruction similar to the one the court gave except that defendant did not mention burden of proof in his instruction. But defendant did not except to the court's failure to give his instruction and therefore cannot successfully assert error. State v. Gilmore, 181 N.W.2d 145 (Iowa).

■ Second, prior to instructing the jury, the court presented its instructions in final form to both counsel and gave them an opportunity to examine the instructions and take exceptions. With respect to the instruction in question, defense counsel pointed out the part dealing with the burden of proof and made this objection: "We believe that is no longer the law." This is tantamount to saying that the instruction does not state the law, which is insufficiently specific to constitute a basis for error. State v. Hraha, 193 N.W.2d 484 (Iowa).

■ Third, as a ground for his motion for new trial defendant enlarged on his contention that the portion of the intoxication instruction as to the burden of proof was error. This ground of the motion must stand or fall on the exception taken at trial, for if a defendant undertakes to except to instructions at trial he must rest on those exceptions. He cannot in a post-verdict motion amplify them or add new ones. It avails a trial court nothing for a defendant to save part of his exceptions for a motion for new trial, when the court can no longer change its instructions before reading them to the jury. This is the clear import of our decisions commencing with State v. Hartung, 239 Iowa 414, 30 N.W.2d 491. See State v. Youngbear, 203 N.W.2d 274 (Iowa); State v. Wright, 202 N.W.2d 72 (Iowa); State v. Hraha, 193 N.W.2d 484 (Iowa); State v. Clark, 187 N.W.2d 717 (Iowa); State v. Brandt, 182 N.W.2d 916 (Iowa); State v. Gilmore, 181 N.W.2d 145 (Iowa); State v. Brown, 172 N.W.2d 152 (Iowa).

Defendant did not preserve error.

IV. *Rulings on Evidence.* Defendant assigns as error a number of rulings on evidence, but he argues only one of the assignments. We have nevertheless closely examined each of the rulings, but we find

no just ground for complaint. In several of them defendant's objection came too late or was otherwise insufficient. In all of them the trial court was within its discretion in ruling as it did.

■ The one ruling argued by defendant related to an opinion offered by the State on defendant's reputation for honesty and integrity. But defendant's objection was only that "there has been no proper foundation laid." This objection was inadequate, as it did not state wherein the foundation was insufficient. State v. Armstrong, 203 N.W.2d 269 (Iowa); State v. Wright, 191 N.W.2d 638 (Iowa); State v. Entsminger, 160 N.W.2d 480 (Iowa).

We cannot uphold defendant's assignments of error. The verdict and sentence must stand.

Affirmed.

All Justices concur except McCORMICK and REYNOLDSON, JJ., who concur specially, MASON, J., who concurs in divisions I and II of the concurring opinion and RAWLINGS, J., who dissents.

McCORMICK, Justice (concurring specially).

I concur in the opinion as written including the majority's finding in Division III that defendant's contentions concerning error in the intoxication instruction were not properly preserved. I believe it is appropriate, however, to express my view on the merits of those contentions.

As noted by the majority the instruction was based on Iowa Uniform Jury Instruction 501.18. It was as follows:

"INSTRUCTION NO. 8

It is the claim of the defendant that at the time and place of the alleged acts relied upon by the State for conviction, the defendant was intoxicated.

Voluntary intoxication, in and of itself, does not amount to an excuse for the commission of a crime. As you have been told in previous instructions, a necessary element of the offense charged in the information is a particular intent. Intoxication is a defense only when the mental disability produced thereby is such as to render the intoxicated person incapable of forming the requisite criminal intent. Even though one may be under the influence of intoxicating liquor, he will not be absolved of criminal responsibility if he still possesses mental capacity sufficient to entertain the intent requisite to a particular offense; and, one will not be absolved of criminal responsibility if the requisite criminal intent is present in his mind and he then voluntarily becomes intoxicated before committing the act.

In order for the defendant to avoid responsibility for his alleged act, by reason of his intoxication, he must prove by a preponderance of the evidence that he was in such a state of intoxication that his mind was incapable of forming the criminal intent requisite to the offense charged as defined in these instructions. By 'preponderance of the evidence' is meant the greater weight or strength of the proof.

Even though the defendant fails to sustain his burden of proof on this issue, you may consider the evidence of intoxication along with all other evidence in the case, and the lack of evidence, if any, in determining whether or not the State has proved the defendant guilty beyond a reasonable doubt."

Defendant's requested instruction, which trial court refused, defined the relevance of evidence of intoxication in substantially the same way but omitted all reference to defendant having the burden of proof. It would tell the jury the evidence was to be considered in determining whether the State proved defendant acted with specific intent.

Although trial court's instruction conforms to the rule we have previously fol-

lowed when the defense of voluntary intoxication is urged, I think it is erroneous on three grounds: (1) it violates defendant's right to due process of law by shifting to him the burden of proof on an element of the crime; (2) as a matter of policy the risk of non-persuasion should remain with the State as to all affirmative defenses; (3) the instruction is confusing and contradictory.

I. *Due process.* A defendant is assured due process of law under Amendment 14, Constitution of the United States, and Article I, § 9, Constitution of the State of Iowa. It cannot be disputed that "when the burden of persuasion is shifted to the defendant to disprove essential elements of a crime * * * then it is certain that the due process clause of the Fourteenth Amendment has been violated." Stump v. Bennett, 398 F.2d 111 (8 Cir. 1968), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L. Ed.2d 466. Appropriate sensitivity to the rights of those threatened with loss of liberty would, I am sure, lead us to the same conclusion under our state due process clause.

We have had occasion to discuss the question of burden of proof on at least six theories of defense frequently urged in criminal cases. They include self-defense, entrapment, diminished responsibility, alibi, insanity and intoxication. Where there is evidence in the case, from whatever source, to support the theories of self-defense and entrapment, we have required the State to disprove the defense beyond a reasonable doubt as an additional element in its case. See, *e. g.*, State v. Ebelsheiser, 242 Iowa 49, 43 N.W.2d 706 (1950) (self-defense); State v. Fagan, 190 N.W.2d 800 (Iowa 1971) (entrapment). The reason for requiring the State to negative these defenses as additional elements in its proof is rooted in their analogy to confession and avoidance in contrast to defenses which only deny elements of the offense. See McCormick on Evidence, § 341 at 801 (Second Ed. 1972).

Where a defendant relies on a defense such as diminished responsibility, recognized in State v. Gramenz, 256 Iowa 134, 126 N.W.2d 285 (1964), in denying an element of the offense, we have not required the State to disprove the defense as an additional element of its case. The reason is the jury is separately told the State must affirmatively prove the element involved as part of its case. Accordingly, evidence raising a theory of defense like diminished responsibility is simply to be considered by the jury in determining whether the State met its burden to prove the element involved.

Since the decision in Stump v. Bennett, *supra*, we have felt obliged by the due process clause of Amendment 14 of the Federal Constitution to treat the defense of alibi in this latter category. See, *e. g.*, State v. Evans, 169 N.W.2d 200 (Iowa 1969); State v. Galloway, 167 N.W.2d 89 (Iowa 1969). Presence of the defendant at the scene of the crime is deemed to inhere in the elements of the offense which the State must prove. Evidence he was not present bears on whether the State has proved those elements.

However, we have not had occasion since *Stump* to reexamine defenses other than alibi as to which we have held the defendant has the burden of persuasion. Insanity and intoxication are examples. We have held a defendant must prove his insanity defense by a preponderance of the evidence before he is entitled to acquittal. State v. Wegener, 180 Iowa 102, 162 N.W. 1040 (1917). We have given similar treatment to the defense of voluntary intoxication. See, *e. g.*, State v. Church, 169 N. W.2d 889 (Iowa 1969).

The rule as to the insanity defense was treated in Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), which upheld an Oregon statute placing the burden on a defendant to prove an insanity defense beyond a reasonable doubt as nonviolative of federal due process. I believe *Leland* is no longer viable. It pre-dates

the incorporation by the United States Supreme Court of most of the Bill of Rights and a number of federal procedural standards into the due process clause of the 14th Amendment. Judicial restraint led the *Leland* court to divine one due process standard to be applied in federal courts and a separate due process standard to be imposed on state prosecutions. Compare *Leland* with Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895) (government has the burden of proving sanity beyond a reasonable doubt when there is evidence of insanity in federal criminal trials.)

Justice Frankfurter, usually an advocate of judicial restraint, was joined by Justice Black, the proponent of the literal incorporation theory, in a powerful dissent in *Leland*. More importantly the holding in *Leland* has been completely undermined by subsequent virtual abrogation of the double due process standard. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) and later similar cases appying federal due process standards to state prosecutions. It is now manifest that the due process clause of Amendment 5, Constitution of the United States, is applicable to state prosecutions through the due process clause of Amendment 14. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (1969) (double jeopardy); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (the right to compensation for property taken by a state for public use); Gardner v. Broderick, 392 U. S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968) (the privilege against self-incrimination). As stated by the court in *Benton*, "Once it is decided that a particular Bill of Rights guarantee is 'fundamental to the American scheme of justice,' * * * the same constitutional standards apply against both the State and Federal Governments." 395 U.S. at 795, 89 S.Ct. at 2063, 23 L.Ed. 2d at 716.

Despite *Leland*, Colorado later held a statute requiring a defendant to establish an insanity defense by a preponderance of evidence did impermissibly shift the burden of persuasion under its own constitutional due process provision. See People v. District Court For County of Jefferson, 165 Colo. 253, 439 P.2d 741 (1968); cf. Constitution of Iowa, Art. I, § 9.

Stump v. Bennett, *supra*, invalidated Iowa's rule placing the burden of proving alibi on a defendant. The United States Supreme Court subsequently reversed and remanded Johnson v. Bennett, 386 F.2d 677 (8 Cir. 1967), involving the same Iowa practice for consideration in the light of *Stump*, which it declined to review. See Johnson v. Bennett, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968); Johnson v. Bennett, 414 F.2d 50 (8 Cir. 1969). In the light of Benton v. Maryland, *supra*, *Stump* and *Johnson* offer a more persuasive basis than *Leland* by which to ascertain the present federal due process standard as it relates to placing burdens of proof on defendants in criminal cases.

I believe, as did the court in *Stump* of our former alibi rule, whatever the status of *Leland* today, there is no doubt our rule as to the affirmative defense of intoxication shifts the burden of persuasion to a defendant to disprove an essential element of a crime, in this case specific intent. In doing so it violates the due process standard. Stump v. Bennett, *supra*, 398 F.2d at 116.

Our rule actually shifts what Wigmore describes as two burdens of proof, the burden of producing evidence and the burden of persuasion. 9 Wigmore on Evidence §§ 2485–2489 (Third Ed. 1940). The burden of producing evidence is the duty of a party to satisfy the judge there is sufficient evidence to generate a jury question on an issue. *Id.* § 2487. This does not mean the defendant must always introduce such evidence in his own case. It just means he must be able to show the judge it is in the record. It may in some situations be in the prosecution evidence. The burden of persuasion is on the party to whom the law assigns the risk of non-persuasion. *Id.* § 2485.

As to the intoxication defense Professor Wigmore believes the burden of producing evidence is on the defendant but the risk of non-persuasion remains on the prosecution. *Id.* § 2514 at 425. It is obvious most of our cases do not apply the Wigmore view. But see State v. Evenson, 237 Iowa 1214, 24 N.W.2d 762 (1946); State v. Harrison, 167 Iowa 334, 149 N.W. 452 (1914).

Courts elsewhere take both approaches to the intoxication defense. 1 Wharton's Criminal Evidence, § 32 (Thirteenth Ed. 1972). For cases involving the intoxication defense which assign the risk of non-persuasion on the element of specific intent to the prosecution, see Edwards v. United States, 84 U.S.App.D.C. 310, 172 F.2d 884 (1949); People v. Evrard, 55 Ill.App.2d 270, 204 N.E.2d 777 (1965); Davis v. State, 54 Neb. 177, 74 N.W. 599 (1898).

The defense of voluntary intoxication is not generically different from the defense of alibi. They spring from the same seed. See State v. Harrison, *supra,* 167 Iowa at 339, 149 N.W. at 454. In placing the burden on defendant to negative specific intent by proof of the necessary degree of intoxication, the trial court to that extent required defendant to disprove an essential element in the State's case. In so doing it denied him due process of law under the federal standard. Stump v. Bennett, *supra.* It is no longer consistent with the constitutional standard to impose the risk of non-persuasion on a defendant as to the defense of intoxication.

In sum, I believe the due process clauses of the State and Federal Constitutions require that in cases where there is evidence of voluntary intoxication which could give the jury reasonable doubt as to whether the State has proven requisite specific intent, such evidence is to be considered by the jury in determining whether the State has proven defendant entertained specific intent, and the risk of non-persuasion remains with the State.

II. *Proper policy.* Even if it were not constitutionally mandated I believe as a matter of policy we should restore order and consistency to the administration of criminal justice in Iowa by leaving the risk of non-persuasion on the State as to all affirmative defenses. There is no rational basis for allocating burden of persuasion differently for intoxication than for diminished responsibility by reason of mental defect short of insanity. See State v. Gramenz, *supra.* Nor is there any compelling reason to treat the intoxication defense differently in this respect than self-defense, entrapment or alibi.

The following statement from McCormick on Evidence, § 341 at 802 (Second Ed. 1972), is pertinent and persuasive:

"As to all these claims for exoneration, their truth goes in final analysis to the guilt, to the rightness of punishing, the accused. Thus it seems inconsistent to demand as to some elements of guilt, such as an act of killing, that the jury be convinced beyond a reasonable doubt, and as to others, such as duress or capacity to know right from wrong, the jury may convict though they have such doubt. Accordingly, the recent trend is to treat these so-called matters of defense as situations wherein the accused will usually have the first burden of producing evidence in order that the issue be raised and submitted to the jury, but at the close of the evidence the jury must be told that if they have a reasonable doubt of the element thus raised they must acquit."

I think we should now conform our rule to the recent trend in this area, even if not constitutionally compelled to do so.

III. *Other error.* There is a separate error in the intoxication instruction in this case similar to that found by the circuit court in *Stump.* Here as there the jury was told the State had the burden to prove each element of the crime, including specific intent, beyond a reasonable doubt. Yet defendant was not to be acquitted by reason of intoxication unless he proved by

a preponderance of evidence he was thereby incapable of forming the requisite intent. The jury was then told, if he failed to prove his defense, the evidence of intoxication could be considered in determining whether the State proved its case beyond a reasonable doubt. If defendant was entitled to have the jury consider the evidence in determining whether the State proved specific intent beyond a reasonable doubt as the jury was last told, the inconsistent prior assignment of the burden of persuasion to defendant required the jury to go through a useless and contradictory exercise.

The *Stump* court observed that even when viewing the instructions as a whole "the presence of serious confusion * * * as to burden of proof seems inescapable. If we presume, as we must, that the jury follows the court's instructions, which instruction is the jury to follow?" 398 F.2d at 116.

I believe the instruction was confusing and contradictory. It is not consistent to give the State a burden, shift part of it to the defendant, and then shift it back to the State in the same set of instructions.

Since defendant did not preserve the errors he now asserts in the instruction on intoxication, I concur in the opinion of the court.

REYNOLDSON, J., joins this special concurrence and MASON, J., joins Division I and II thereof.

RAWLINGS, Justice (dissenting).

I fully agree with the rationale set forth in the special concurrence by McCormick, J., but submit that in light of Code section 793.18 defendant is entitled to a reversal. Stated otherwise he was not accorded a fair trial.

I would reverse and remand for a new trial.