Vincent E. TARRELL and Lillian M. Tarrell, Appellants,

v.

Arthur Henry ERDMANN, Appellee.

No. 55758.

Supreme Court of Iowa.

Aug. 28, 1974.

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, and Mosier, Thomas, Beatty, Dutton & Braun, Waterloo, for appellants.

Lindeman & Yagla, Waterloo, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

REES, Justice.

This action at law for damages for injuries alleged to have been sustained in a motor vehicle collision resulted in verdicts for the defendant. Plaintiffs' motion for new trial was overruled, and this appeal ensued. We affirm.

The accident in question occurred on June 8, 1968 at an intersection of U.S. Highway 30 and a gravel road about two miles west of Toledo, Iowa. Plaintiff Vincent Tarrell was driving his automobile easterly on Highway 30 accompanied by his wife, the plaintiff Lillian, when their automobile came into collision with the pickup-camper of defendant Erdmann who was making a left turn onto the gravel road after having been westbound on Highway 30. Plaintiff Lillian Tarrell sued for personal injuries alleged to have been sustained in the collision and the claim of plaintiff Vincent Tarrell is based on loss of consortium. Plaintiffs state the following issues for review:

1) The court erred in submitting the allegations of failure to keep a proper lookout and failure to have vehicle under control in approaching and traversing an intersection as acts of negligence on the part of plaintiff Vincent Tarrell.

2) The court erred in overruling plaintiffs' motion to strike paragraph 5(3) of defendant's amended answer, and in overruling plaintiffs' objections to instruction 9(2), and in giving instructions 9 and 12 for the reason there was no duty on the part of the plaintiff Vincent Tarrell under Iowa law and the circumstances of the case justifying the giving of such instructions.

3) The court erred in overruling plaintiffs' motion for a new trial for the reason the record discloses the verdict did not effectuate substantial justice between the parties.

I. We shall first consider plaintiffs' second issue presented for review.

In instruction 9 complained of now by the plaintiffs, the court instructed the jury, in pertinent part:

"You are instructed that the charges of contributory negligence made by the defendant against plaintiff's husband and submitted for your consideration are as follows:

"1. In failing to keep a proper lookout;

"2. In failing to heed the signal and grant the right of way to defendant's vehicle in the process of making a turn; * * *."

In instruction 12 the court said:

"The laws of Iowa provide that the driver of a vehicle within an intersection, intending to turn to the left, shall yield the right-of-way to any vehicle approaching from the opposite direction which is in the intersection or so close as to constitute an immediate hazard, but said driver, having so yielded and having given required signals, may make such left turn, *and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn.*

"A failure to comply with this provision of law constitutes negligence. * * *"

The record indicates that at the close of final arguments, a final draft of the court's instructions was submitted to counsel and counsel was afforded the opportunity to except to the same. The only exceptions taken to the instructions which plaintiffs now complain of are as follows:

"MR. REYNOLDS: The plaintiffs would object to instruction number nine for the reason that, A, there is no credible evidence in the record to support the allegation of failure to keep proper lookout and failing to heed signal and grant right of way to defendant's vehicle in the process of making a turn, failing to control his vehicle and have it under control while traversing an intersection, and, B, particularly to subparagraph two in failing to heed the signal for the additional reason there is no duty under Iowa law requiring such obligation on the part of the plaintiff driver."

It is noted that no exceptions were taken by plaintiffs to the giving of instruction 12. In their post-verdict motion for new trial plaintiffs asserted the court erred in giving instruction 12 for the reason that the instruction is contrary to the law of Iowa in view of the fact the court included in instruction 12 the italicized portion set out above, calling attention in their motion to the fact the italicized portion of instruction 12 which had been incorporated in section 321.320, The Code, prior to 1965 had been deleted from section 321.320 by the 61st General Assembly.

Further, in their motion for new trial, plaintiffs assert trial court erred in failing to sustain their objection to subsection 2 of instruction 9 for the reason there was no duty under Iowa law requiring plaintiff Vincent Tarrell to heed the defendant's signal and yield the right of way.

It is obvious that subsection 2 of instruction 9 paraphrases that portion of section

321.320 as it appeared in the codified law prior to the action of the 61st General Assembly deleting the phrase italicized above. The plaintiffs and defendant agree that the court in submitting instruction 12 followed uniform jury instruction 4.21 as it appeared in the Uniform Jury Instructions at the time of trial. Uniform jury instruction 4.21 as it now appears makes no reference to the phrase in section 321.320 which was stricken by the Act of the 61st General Assembly.

Rule 196, Rules of Civil Procedure, provides in pertinent part:

"The court shall instruct the jury as to the law applicable to all material issues in the case * * *. Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues, which shall not be part of the record. Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. * * *"

The language of rule 196 is unequivocal; it provides that objections made to proposed jury instructions must be made before the instructions are read to the jury. Where objections are not so timely made, this court has refused to consider them on appeal. Wiles v. Myerly, 210 N.W.2d 619, 626 (Iowa 1973); Pose v. Roosevelt Hotel Co., 208 N.W.2d 19, 25 (Iowa 1973).

■ No objection having been offered to that portion of instruction 12 which plaintiffs now complain of, the entire instruction stands as the law of the case. Knudsen v. Merle Hay Plaza, Inc., 160 N.W.2d 279, 281 (Iowa 1968), and cases there cited.

"An instruction not objected or excepted to is not before the appellate court for review, but must for the purposes of the case be taken as the law. Right or wrong, the instruction becomes the law of the case and is binding on the jury * * * as well as on the court and counsel." 53 Am.Jur., Trial, § 844, p. 620.

Plaintiffs here first objected to instruction 12 in their motion for new trial, and such objection was not timely under rule 196, R.C.P. Plaintiffs have therefore failed to preserve error as to the submission of instruction 12 by the trial court. Plaintiffs' assignment of error in this regard is without merit.

■ II. Plaintiffs' exception to instruction 9(2), which is set out hereinabove, was timely made at trial and in accordance with the contemplation of rule 196, R.C.P. Although timely made, we are unable to conclude the exceptions taken were sufficiently specific to apprise the trial court of the alleged error so as to afford the court an opportunity to revise or correct the instruction before reading it to the jury. The central question with regard to plaintiffs' contention the trial court erred in overruling their objection to instruction 9(2) is, therefore, whether such objection was couched in sufficiently specific terms to preserve error for review here. We cannot conclude the exceptions to instruction 9(2) were sufficient to point out to the trial court wherein the instruction was wrong so that the trial court was afforded an opportunity to correct it. Schall v. Lorenzen, 166 N.W.2d 795, 797 (Iowa 1969); Briney v. Tri-State Mutual Grain Dealers Fire Ins. Co., 254 Iowa 673, 689, 117 N.W.2d 889, 898; Noble v. Edberg, 250 Iowa 1331, 1337, 98 N.W.2d 741, 745; Ritter v. Andrews Concrete Products & Supply Co., 250 Iowa 297, 302, 93 N.W.

2d 787, 790. In their exceptions to instruction 9(2), plaintiffs excepted for the "* * * reason there is no duty under Iowa law requiring such obligation on the part of the plaintiff driver." We do not feel it could be fairly said the exceptions taken by plaintiffs pointed out the vice of instruction 9(2) with any specificity whatever.

An objection that an instruction "is not a correct statement of the law" is not sufficiently specific to preserve error. Willis v. Schertz, 188 Iowa 712, 718, 175 N.W. 321, 324. See also Briney v. Tri-State Mut. Grain Dealers Fire Ins. Co., *supra.* In State v. Buchanan, 207 N.W.2d 784, 787 (Iowa 1973), we held an objection that an instruction "is no longer the law" was insufficiently specific to constitute a basis for the assignment of error. Further, in *Buchanan, supra,* this court went on to say that elaboration on the objection by counsel in a post-verdict motion could not serve to either preserve or bolster a claimed error, saying at page 787 of 207 N.W.2d:

"* * * (I)t avails a trial court nothing for a defendant to save part of his exceptions for a motion for new trial, when the court can no longer change the instructions before reading them to the jury."

Due to the failure of plaintiffs to except specifically to the portion of instruction 9(2) so as to point out to the trial court the vice of the instruction and to permit the trial court to correct it, we must hold the contention of plaintiffs in this regard is without merit.

III. The record amply supports the court's submission of the specified negligence of failure to keep proper lookout and failure to have vehicle under control on the part of plaintiff Vincent Tarrell. There is no merit in plaintiffs' claimed error in this regard.

This case is therefore affirmed.

Affirmed.