**STATE of Iowa, Appellee,**

v.

**Richard Joseph OVERMANN, Appellant.**

**No. 1–56582.**

Supreme Court of Iowa.

Aug. 28, 1974.

Bertram B. Metcalf, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen. and Edward N. Wehr, Co. Atty., for appellee.

Heard before REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

RAWLINGS, Justice.

Defendant Richard Joseph Overmann appeals from judgment entered on jury verdict finding him guilty of delivering a schedule I controlled substance (Lysergic Diethylamide) in violation of Senate File 1, Section 401, as amended by Senate File 468, Acts of the Sixty-Fourth General Assembly. We affirm.

The event from which this charge stems involves the sale in Davenport of 50 LSD tablets by defendant to Michael G. Ernst, an Illinois Bureau of Investigation Special Agent.

Trial testimony is, in large part, undisputed.

April 5, 1972, Ernst and Joe Waterman, the latter then working as an ad hoc paid informer, discussed a proposed purchase of drugs from defendant. In Ernst's presence Waterman then placed a call to defendant from the Sheriff's office in Rock Island, Illinois. Their conversation centered upon the desired purchase by Waterman of some LSD tablets. Subsequently, Ernst and Waterman drove to Overmann's apartment in Davenport.

After some preliminary discussion as to price, Ernst there bought from Overmann 50 tablets of LSD for which he was paid $100 by Ernst and Waterman.

Defendant testified, about three weeks prior to the aforesaid transaction he purchased 100 LSD pills from Waterman for which the latter was paid $100. Defendant further testimonially stated that in course of the above noted telephone call Waterman sounded desparate and said something to the effect "you got to give me back my dope".

On rebuttal Ernst denied any statement was made by Waterman to defendant during the phone call to the effect Waterman wanted to buy back the "dope" previously sold by him to defendant. Ernst conceded it was possible the same drugs instantly purchased from Overmann could at one time have been sold to him by Waterman.

Defendant's motion for a directed verdict, as made at close of all evidence, was overruled. This motion was foundationed upon the claim that the record affirmatively disclosed defendant had been entrapped as a matter of law.

Defendant thereafter unsuccessfully submitted a related requested instruction. Objections interposed by him to instructions given were also overruled. No new trial motion was ever filed.

Counsel for defendant on this appeal, not having served as trial attorney, urges a reversal because (1) trial court erroneously instructed the jury regarding entrapment; (2) there was an intolerable degree of governmental participation in the criminal enterprise here involved; and (3) instruction 5 was misleading.

These assignments will not be entertained in the order presented.

I. First considered is defendant's claim regarding intolerable governmental participation in the criminal enterprise here involved.

More specifically, it is contended trial court erred in overruling defendant's motion for a directed verdict predicated upon what is, as aforesaid, sometimes denominated "entrapment as a matter of law". This terminology is to us, in part, misleading. Therefore we shall, when appropriate, here refer to it as a "take-back entrapment".

Illustratively, Overmann contends he received LSD from Waterman, a government informer, *and* resold the same contraband to Ernst, a government agent then working in concert with Waterman. It is thus evident defendant does not invoke the usual entrapment defense.

In support of his position defendant cites: United States v. Bueno, 447 F.2d 903, 905–906 (5th Cir. 1971); United States v. Mahoney, 355 F.Supp. 418, 423, 426–427 (E.D.La.1973); United States v. Chisum, 312 F.Supp. 1307, 1312 (C.D.Cal.

1970); State v. McKinney, 108 Ariz. 436, 501 P.2d 378, 381 (1972); People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765, 768 (1961); State v. Sainz, 84 N.M. 259, 501 P.2d 1247, 1249 (1972); Lynn v. State, 505 P.2d 1337, 1342 (Okl.Cr.App.1973). See also United States v. Oquendo, 490 F.2d 161, 162–164 (5th Cir. 1974); United States v. Hayes, 477 F.2d 868, 872–873 (10th Cir. 1973); United States v. Rodriguez, 474 F.2d 587, 589 (5th Cir. 1973); United States v. Dillet, 265 F.Supp. 980 (S.D.N.Y.1966); United States v. Silva, 180 F.Supp. 557 (S.D.N.Y.1959); State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970); People v. Dollen, 53 Ill.2d 280, 290 N.E.2d 879, 881–882 (1972); People v. Carmichael, 80 Ill.App.2d 293, 225 N.E.2d 458 (1967); State v. Weinzerl, 495 S.W.2d 137, 140–142 (Mo.Ct.App.1973).

■ Under the theory espoused in *Oquendo* and *Bueno*, both *supra,* if an accused produces evidence disclosing (1) the government, through an agent or informer, supplied drugs to defendant, and (2) the government, through an agent or informer, later reappropriates any of those drugs from the accused, then a "take-back entrapment" is shown. Under those circumstances the State must come forth with evidence which contradicts either of the above two elements. In event the State fails to so do then an accused is entitled to a dismissal as a matter of law. If, however, the State does produce evidence sufficient to create a fact issue as to a "take-back entrapment" the case should be accordingly submitted to the jury. See United States v. Oquendo, 490 F.2d at 164; United States v. Bueno, 447 F.2d at 906.

■ On the issue at hand defendant, as previously stated, testified (1) he bought 100 LSD pills from informer Waterman for $100 about three weeks prior to the sale upon which he now stands charged; (2) he received a desperate sounding phone call from Waterman who then offered to buy back the drugs previously sold to defendant; (3) in course of that call Water-

man stated something like "you got to give me back my dope"; (4) upon arrival at defendant's apartment Waterman negotiated with defendant, finally offering $2 per tab; and (5) as a result thereof defendant resold 50 tabs of the same LSD for $100 to Michael Ernst, the Illinois special agent.

Carolyn Gray, testifying for defendant, stated that after a visit by Waterman to the apartment occupied by her and defendant some three weeks prior to time of the sale here involved, she observed a packet containing orange tabs in a bedroom where defendant and Waterman had previously visited.

On the other hand Officer Ernst testified he was present when Waterman called defendant to arrange the instantly involved purchase and there was then no discussion as to a "buy-back" of the same LSD which had been previously sold by Waterman to defendant.

Furthermore, the evidence discloses defendant (1) had other customers to whom he could sell LSD; (2) was using "two or three" tabs each day during the three week interval after his purchase from Waterman; (3) within that time frequently gave LSD to his friends; and (4) had "just lost a large quantity of drugs to another individual who had stolen them".

Viewed in a light most favorable to the State, the foregoing served to create a jury issue as to whether the LSD purchased by Officer Ernst from defendant was the same LSD previously sold by informant Waterman to defendant. See State v. Pardock, 215 N.W.2d 344, 346 (Iowa 1974); State v. McPherson, 171 N.W.2d 870, 871 (Iowa 1969).

In other words the second element of a "take-back entrapment" defense, as heretofore interpreted, was rebutted.

Consequently, trial court did not err in overruling defendant's directed verdict motion.

II. Next considered is the issue presented as to instructions given and requested on entrapment.

It is essential we inceptionally note some relevant guidelines regarding preservation of error in criminal proceedings as to jury instructions.

■ Admittedly, it is trial court's duty to instruct a jury fully and fairly, even without request, but ordinarily an accused must preserve error, if any, by (1) specifically objecting to instructions in their final form; (2) requesting instructions, and voicing specific exception in event they are refused. Also, with certain exceptions, a defendant may defer objections until the filing of a post-verdict new trial motion. See generally State v. Jensen, 216 N.W.2d 369, 375 (Iowa 1974); State v. Shockey, 214 N.W.2d 146, 151 (Iowa 1974); State v. Buchanan, 207 N.W.2d 784, 787 (Iowa 1973); State v. Hraha, 193 N.W.2d 484, 486 (Iowa 1972); State v. Brandt, 182 N. W.2d 916, 918 (Iowa 1971); State v. Gilmore, 181 N.W.2d 145, 147 (Iowa 1970); State v. Brown, 172 N.W.2d 152, 157–160 (Iowa 1969); State v. Franklin, 163 N.W. 2d 437, 441 (Iowa 1968). See also 22 Drake L.Rev. 435, 469–473 (1973).

■ At the threshold it is apparent instruction 8 as submitted does not comport with the objective standard enunciated in State v. Mullen, 216 N.W.2d 375 (Iowa 1974). See also State v. Deanda, 218 N. W.2d 649, 650–651 (Iowa 1974).

A search of the record reveals, however, defendant never raised this point in trial court so it is not a factor to be considered on appeal.

On that subject we dispositively declared in State v. Mullen, 216 N.W.2d at 382, the concept there adopted as to entrapment shall:

"* * * apply to the case *sub judice,* to all cases still appealable or on appeal in which the issue has been properly raised below, and of course to all cases subsequently tried in which a proper record is made in trial court."

See also State v. Russell, 216 N.W.2d 355, 356 (Iowa 1974); Everett v. Brewer, 215 N.W.2d 244, 247–248 (Iowa 1974); State v. Nepple, 211 N.W.2d 330, 332–333 (Iowa 1973).

Actually, as presented for review, defendant contends trial court erred in failing to tell the jury, by instruction 8, entrapment was established as a matter of law upon the showing that drugs sold to defendant by a government agent were repurchased by the sovereign.

But, the aforesaid contention is here voiced for the first time. Therefore it will not now be entertained. See State v. Russell, 216 N.W.2d at 356, and citations.

Furthermore, for reasons above stated the instant claim is without merit.

■ III. Another contention instantly asserted by defendant is to the effect trial court erred in refusing his requested instructions on entrapment.

In support thereof, however, defendant did nothing more than request the instruction considered in State v. Davis, 175 N. W.2d 407, 409–410 (Iowa 1970), be given. The expressed reason was, he believed it "more adequately states the law and is more favorable to the defendant in raising this defense than the one that is submitted by the court or the uniform instruction."

This alerted trial court to everything in general and nothing in particular.

In any event, the record discloses defendant never interposed an exception to the exclusion of the instructions requested by him. Therefore the asserted error was waived. See State v. Jensen, 216 N.W.2d at 375; State v. Gilmore, 181 N.W.2d at 147.

IV. Defendant further asserts instructions 4 and 8 failed to properly place the burden of proof regarding entrapment on the State.

No useful purpose will be served by an extended discussion of the instructions in question. Our examination discloses they are not a model of clarity, yet all of those given, when read as a whole, did suffice to adequately place the burden of proof in all essential respects upon the prosecution. See State v. Robinette, 216 N.W.2d 317, 318 (Iowa 1974); State v. Franklin, 163 N.W.2d at 441.

Defendant's assignment as to instructions 4 and 8 is devoid of substance.

V. The final issue presented on this appeal relates to the content of instruction 5 as given.

By proposed instruction 5 trial court initially listed elements of the crime charged and stated each must be established beyond a reasonable doubt before the defendant could be found guilty. Overmann's attorney objected to the proposal and requested trial court insert something to remind the jury an entrapment defense had been invoked.

When the instructions, in revised final form, were submitted to defendant's attorney he specifically stated, "presently I am now satisfied and withdraw the objection to instruction Number 5."

This served to eliminate any right on the part of defendant to now complain regarding the involved instruction.

In the first place, any error which may have inhered in instruction 5 was apparently invited by defendant. Therefore he cannot now be heard to complain. See State v. Osborne, 258 Iowa 390, 393, 139 N.W.2d 177 (1965); cf. State v. Hammer, 246 Iowa 392, 399–400, 66 N.W.2d 490 (1954).

And, since defendant specifically withdrew his objection to the revised in-struction it follows error, if any, was waived. See State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973).

The assignment here considered is without merit.

Affirmed.