STATE of Iowa, Appellee,

v.

Jerry Lee BILLINGS, Appellant.

No. 58548.

Supreme Court of Iowa.

May 19, 1976.

Thomas J. Bice and James L. Kramer, Johnson, Burnquist, Erb, Latham & Gibb, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Dorothy L. Kelley, Asst. Atty. Gen., and William J. Thatcher, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for failure to return a rented motor vehicle in violation of § 710.14(3), The Code. The sole question is whether the trial court erred in refusing to instruct the jury that intent to defraud is an element of the crime. We hold the court erred in refusing to so instruct. We reverse and remand for new trial.

The charge was based on the alleged failure of defendant to return a rented 1975 Ford Granada automobile to the Tom Kelly Ford Company in Fort Dodge on March 22, 1975. It is unnecessary to consider the facts in the case except to say the evidence was insufficient to establish defendant's intent to defraud as a matter of law. Under the evidence the sufficiency of proof of that element would have been an issue for the jury.

We set out § 710.14(3), The Code, in its entirety:

"Whoever, after consenting to the use of a motor vehicle, as defined under section 321.1, under a written agreement to redeliver the same to the person letting such vehicle or his agent, shall, *with intent to defraud, abandon such vehicle or willfully refuse or willfully neglect to redeliver such vehicle as agreed*, shall be guilty of a felony and punished by imprisonment in the penitentiary for not more than one year or by fine not to exceed one thousand dollars, or both. If the person letting the vehicle has performed all of his obligations under the agreement, the failure to return the vehicle within seventy-two hours of the time agreed shall be evidence of such abandonment or willful refusal or willful neglect to redeliver such vehicle." (Italics added).

In its final draft of instructions the trial court included the following elements of proof in its marshalling instruction:

"(1) That on the occasion in question the defendant entered into a written lease agreement with Les Lonning, an agent of the Tom Kelly Ford Company, for lease or rental of a 1975 Ford Granada.

(2) That thereafter and in violation of the terms of said leasing agreement the defendant did willfully refuse or willfully neglect to return said Granada to the Tom Kelly Ford Company, and

(3) That said offense was committed in Webster County, Iowa."

Defense counsel took timely exception to the failure of the court to require the State to prove intent to defraud as an element of the offense. The exception was overruled. Having been found guilty and sentenced, defendant now assigns the trial court's overruling of his exception to the marshalling instruction as error.

When an instruction marshals the elements of a crime and mandates conviction upon the State's proof of those elements beyond a reasonable doubt, all essential elements of the crime must be included in the instruction. *State v. Watts*, 223 N.W.2d 234, 237 (Iowa 1974). Here neither the marshalling instruction nor any other instruction informed the jury intent to defraud is an element of the crime. If it is an element, reversible error exists.

Principles applicable to interpretation and construction of penal statutes have been summarized in other cases and need not be repeated here. See, e. g., *State v. Prybil*, 211 N.W.2d 308, 311 (Iowa 1973).

Having those principles in mind, we believe a plain reading of § 710.14(3) shows intent to defraud is an element of the offense. The statute clearly defines three alternative means by which the crime may be committed, each of which requires intent to defraud. The prepositional phrase "with intent to defraud" is set off by commas, precedes and modifies the three verbs delineating the disjunctive means by which the crime may be committed. The *mens rea* of

the offense requires proof that, "*with intent to defraud*", the accused did either "*abandon* such vehicle *or* willfully *refuse or* willfully *neglect* to redeliver such vehicle as agreed, \* \* \*." (Italics added).

This conclusion is reinforced by the fact the last sentence of the provision repeats the three means disjunctively and equivalently. It is also reinforced by the fact that the misdemeanor offense of alteration of the odometer of a rented vehicle under § 710.14(1) requires proof of intent to defraud. The related misdemeanor offense under § 710.14(2) requires proof of intent to deceive. We do not think the legislature would require specific intent for the misdemeanors and at the same time omit it for any of the disjunctive means of committing the felony under § 710.14(3).

■ Further support for our holding is found in a basic principle of statutory construction. A serious constitutional problem would exist if the conduct involved were made a felony without regard to criminal intent. *Speidel v. State*, 460 P.2d 77, 80 (Alaska 1969) ("To convict a person of a felony for such an act, without proving criminal intent, is to deprive such person of due process of law.") When possible to do so we have a duty to construe statutes to render them consistent with constitutional requirements. *State v. Monroe*, 236 N.W.2d 24, 35 (Iowa 1975). Our construction of the statute comports with that principle.

We hold an intent to defraud is an element of the crime of failure to return a rented motor vehicle under Code § 710.14(3). The trial court erred in holding otherwise. Defendant is entitled to a new trial.

REVERSED AND REMANDED.