STATE of Iowa, Appellee,

v.

James Elder TEMPLETON, Appellant.

No. 60256.

Supreme Court of Iowa.

Oct. 19, 1977.

Rehearing Denied Nov. 17, 1977.

John R. Hearn, of Payton & Hearn, P. C., Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., Dan L. Johnston, County Atty., and James William Ramey, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

◼ Defendant appeals his conviction by jury and sentence for breaking and entering in violation of § 708.8, The Code. He contends the trial court erroneously instructed the jury that he had the burden of proof on his intoxication defense. Although we agree that a defendant who relies on evidence of intoxication should not have the burden to prove he lacked specific intent because of it, we find no violation of this principle in the present case. We affirm the trial court.

The State alleged that defendant broke and entered the apartment of Mark Hagen on August 1, 1976, with intent to steal. Defendant lived near Hagen in the same apartment building in West Des Moines. Hagen testified defendant was one of two persons who knew he had food stamps in his apartment. He drank with defendant, an alcoholic, in an alley downtown during the evening of July 31, 1976. He testified defendant subsequently left with two other men. The State introduced evidence that defendant broke into the Hagen apartment through an unlocked window before noon the next day and took more than $20 worth of food stamps which were lying on a footstool inside. Later that day he purchased groceries with the stamps. Defendant introduced substantial evidence that he was intoxicated on the occasion involved.

The jury found defendant guilty and this appeal followed. The sole assignment of error is that the trial court erred in instructing the jury on the intoxication issue.

The court's instruction on that issue was as follows:

It is the claim of the defendant that at the time and place of the alleged acts relied upon by the State for conviction, the defendant was intoxicated by alcoholic beverages.

Voluntary intoxication, in and of itself, does not amount to an excuse for the commission of a crime. As you have been told in previous instructions, a necessary element of the offense charged in the Information is a particular intent. Intoxication is a defense only when the mental disability produced thereby is such as to render the intoxicated person incapable of forming the requisite criminal intent. Even though one may be under the influence of alcoholic beverages, he will not be absolved of criminal responsibility if he still possesses mental capacity sufficient to entertain the intent requisite to a particular offense, and one will not be absolved of criminal responsibility if the requisite criminal intent is present in his mind and he then voluntarily becomes intoxicated before committing the act.

*In order for the defendant to avoid responsibility for his alleged act, if any, by reason of his intoxication, it must be shown by the evidence he was in such a state of intoxication that his mind was incapable of forming the criminal intent requisite to the offense charged as defined in these instructions.*

You may consider the evidence of intoxication by reason of alcoholic beverages with all other evidence in the case and the lack of evidence on the part of the State, if any, in determining whether or not the State has proved the defendant guilty beyond a reasonable doubt. (Italics added).

Defendant contends the instruction, and particularly the italicized language, impermissibly shifted to him the burden to prove lack of specific intent by reason of voluntary intoxication.

**382**

I. *Preservation of error.* The State asserts defendant did not preserve error. The record shows he took timely and lengthy exception to the instruction on the ground now urged. Specifically, defense counsel said:

> And instruction 10 ties the concept of intoxication to intent and rightly so. But it suggests that the defendant must disprove the intent by showing the intoxication and the extent to which it may have interfered with his mental capacities at the time of the alleged act. In other words, it makes this defendant disprove intent and that obviously contravenes the long established burden of proof on behalf of the State beyond a reasonable doubt.

In overruling this exception the trial court observed it could not understand defendant's failure to request an alternative instruction in view of his strong objection to the court's instruction. The State bases its claim defendant did not preserve error on his failure to propose an acceptable alternative instruction.

 Courts have the duty to instruct juries fully on the law applicable to the issues which the jury must decide whether requested to do so or not. *State v. Ritchison*, 223 N.W.2d 207, 211 (Iowa 1974). A timely and specific exception to the court's failure to do so is sufficient to preserve error. *State v. Baskin*, 220 N.W.2d 882, 884–887 (Iowa 1974). However, when the issue is not integral to the case or when an instruction on an integral issue is correct as proposed but not as explicit as a party desires, error is not preserved unless the party requests an additional instruction before the jury is charged. *State v. Brown*, 172 N.W.2d 152, 156–160 (Iowa 1969). See also *State v. Trost*, 244 N.W.2d 556, 558–559 (Iowa 1976).

 In the present case, the intoxication issue was a vital feature of the case on which the trial court had a duty to instruct without a request. The court fulfilled this duty. Defendant effectively challenged the accuracy of the court's statement of the law by his timely exception in which he asserted that the instruction impermissibly placed the burden on him to prove lack of specific intent by reason of voluntary intoxication. Therefore we hold defendant adequately preserved error on the contention he now urges.

II. *Burden of proof on the intoxication defense.* The premise of defendant's exception is that a defendant may not be burdened with proving he lacked specific criminal intent by reason of voluntary intoxication. Although four members of this court expressed that view in *State v. Buchanan*, 207 N.W.2d 784 (Iowa 1973) (special concurrence and dissent), and we approved an instruction incorporating that view in *State v. Youngbear*, 229 N.W.2d 728, 737 (Iowa 1975), it has not yet been adopted as the position of the court. See *State v. Horstman*, 222 N.W.2d 427, 431 (Iowa 1974). Therefore we must decide whether it will be adopted now.

Our common-law rule has been that voluntary intoxication is no excuse for crime but that evidence of it may be admissible on issues of a defendant's motive or intent. When specific intent is an element of the crime charged, evidence of voluntary intoxication is material and if sufficient to prevent the defendant from forming the requisite intent may entitle him to an acquittal. *State v. Booth*, 169 N.W.2d 869, 873–874 (Iowa 1969). We adhere to that rule.

Before today we also said a defendant who claimed he lacked specific intent because of voluntary intoxication had to prove his claim by a preponderance of the evidence. *State v. Hunley*, 167 N.W.2d 645, 649 (Iowa 1969). We now reject the rule that a defendant who interposes an intoxication defense has the burden to prove he lacked specific intent because of his intoxication.

This position is consistent with the view we have taken of the analogous defense of diminished responsibility. Compare *State v. Hall*, 214 N.W.2d 205 (Iowa 1974), with *State v. Gramenz*, 256 Iowa 134, 126 N.W.2d 285 (1964). We adopted the same view of the defense of alibi. *State v. Galloway*, 167 N.W.2d 89 (Iowa 1969). And we have re-

fused to burden a defendant with the risk of non-persuasion even as to defenses which are analogous to confession and avoidance. As to those defenses, unlike defenses of diminished responsibility, alibi, and now intoxication, the State must negate the defense as an additional element in its proof. See *State v. Thomas*, 219 N.W.2d 3 (Iowa 1974) (insanity); *State v. Ebelsheiser*, 242 Iowa 49, 43 N.W.2d 706 (1950) (self-defense); *State v. Fagan*, 190 N.W.2d 800 (Iowa 1971) (entrapment).

We do not decide whether the present change in our intoxication defense rule is compelled by the due process clause of the fourteenth amendment of the United States Constitution. On that issue, compare *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975), with *Patterson v. New York*, —— U.S. ——, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

 We hold that when a defendant urges a defense of voluntary intoxication which is supported by substantial evidence, such evidence is to be considered by the jury on the material issue in the State's case upon which it bears in determining whether the State has met its burden to prove the element involved beyond a reasonable doubt. This does not mean the State must prove as an additional element that the defendant was not prevented from forming specific intent by reason of intoxication; it means only that the burden of proving specific intent does not leave the State even when the defendant relies on an intoxication defense. The distinction between the burden of producing evidence and the burden of persuasion is involved here. See 9 Wigmore on Evidence §§ 2485–2489 (Third Ed.1940). The defendant retains the obligation to raise a fact question for the jury on the intoxication issue regardless of the source of the evidence, but when such evidence is adduced the risk of non-persuasion on the affected element remains with the State. See *State v. Thomas*, 219 N.W.2d at 5. Accordingly, we hold that the jury was entitled to consider the evidence of defendant's intoxication in the

present case on the intent issue and the burden to prove defendant's specific criminal intent remained with the State.

III. *Application of the rule here.* The question remains whether defendant's exception to the trial court's instruction was meritorious. We hold it was not.

Nowhere in the challenged instruction did the court tell the jury the burden to disprove specific intent shifted to defendant on his intoxication defense. Even though the third paragraph of the instruction was unclear on this issue, the court made it plain in the preceding and following paragraphs that the burden remained with the State to prove the element of specific intent. The jury was expressly told to consider the intoxication evidence with all other evidence in the case in determining whether the State met its burden.

In a separate instruction the trial court instructed the jury on the presumption of innocence, including the following:

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden of proof as to any fact * * *.

The court also instructed that the State had the burden to prove all elements of the offense beyond a reasonable doubt. The jury was told that one of the elements the State had to prove was that defendant committed the breaking and entering with an intent to steal.

 Instructions are to be viewed as a whole and not piecemeal. *State v. Tensley*, 249 N.W.2d 659, 662 (Iowa 1977). Viewing the instructions as a whole, we believe they adequately informed the jury the State had the burden to prove defendant's specific criminal intent and did not shift the burden to defendant to disprove it because of his reliance on evidence of voluntary intoxication.

Although we believe the third paragraph of the challenged instruction should have been omitted, as in uniform criminal instruction no. 501.18, we do not find reversible error based on its inclusion here. We

recommend that the uniform instruction be used in future cases.

AFFIRMED.

All Justices concur, except RAWLINGS, J., who dissents.

RAWLINGS, Justice (dissenting).

I agree with the reasoning and conclusions in Division I and II of the majority opinion.

However, I cannot agree with the underlying rationale or conclusion reached in Division III thereof.

By the third paragraph of instruction 10 the jury was told: *"In order for the defendant to avoid responsibility* for his alleged act, if any, by reason of his intoxication, it must be shown by the evidence he was in such a state of intoxication that his mind was incapable of forming the criminal intent requisite to the offense charged as defined in these instructions." (emphasis supplied).

It is to me evident use of the words "In order for defendant to avoid responsibility for his alleged act * * *" squarely, indelibly and impermissibly placed on defendant the burden of persuasion with respect to lack of specific intent because of intoxication. See *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York,* —— U.S. ——, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975).

Use of the initial phrase "In order for the defendant *to avoid"* squarely fastened upon defendant the burden of persuasion regarding his intent-negating intoxication claim. "Avoid" is a word of common usage which means: "To annul; cancel; make void; to destroy the efficacy of anything. To evade; escape." Black's Law Diction-

ary, "Avoid", at 173 (rev. 4th ed.1968). This means the above quoted portion of instruction 10 unequivocally told the jury that *in order for defendant to annul, cancel, evade or escape* criminal responsibility for the offense charged *he* must establish intent-negating intoxication.

That error is further compounded by the ensuing equally poisonous phrase, "it must be shown by the evidence * * *." Under the holding in Division II of the majority opinion it no longer must be shown that defendant *was* so intoxicated as to be unable to form the requisite criminal intent. Rather, the *State* must show defendant was *not* so intoxicated, as part of its burden to establish defendant possessed the requisite criminal intent. The difference is far from trivial from a due process standpoint, a problem wholly apart from juror confusion.

Moreover, in light of the foregoing it is totally unrealistic and implausible to assume the jury, when considering instruction 10, gave so much as momentary or cursory thought to other instructions regarding "burden of proof as to any fact." Cf. *State v. Billings*, 242 N.W.2d 736, 737 (Iowa 1976).

In brief, I am satisfied instruction 10 served to erroneously and prejudicially place the burden of proof on defendant. See *State v. Buchanan*, 207 N.W.2d 784, 788–792 (Iowa 1973), (McCormick, J., concurring specially). Compare Iowa Uniform Jury Instruction 501.18.

I would reverse and remand for a new trial.