**STATE of Iowa, Appellee,**

v.

**David GAMBELL, Appellant.**

**No. 60411.**

Supreme Court of Iowa.

Feb. 22, 1978.

Terry E. Branstad, Lake Mills, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

REES, Justice.

Defendant was charged by true information with the crime of assault with intent to commit murder in violation of § 690.6, The Code, 1975. He was tried to a jury, convicted, sentenced and now appeals. We reverse and remand for a new trial.

On October 5, 1976 the defendant David Gambell with two acquaintances, John Monson and Harold Thorson, engaged in a drinking bout during the course of which they consumed a considerable amount of

alcoholic beverages. The defendant and his companions were traveling in an automobile owned by Thorson when the vehicle was involved in a high speed chase on a public highway southeast of Forest City in Hancock county. The pursuing vehicle was operated by officer Todd Hohenstein, a state trooper, who testified a passenger in the front seat of the vehicle fired a shotgun at the trooper's car. He further testified that he saw a muzzle flash and heard pellets hit the windshield of the patrol car. After the court sustained a motion for change of venue the cause was transferred from Hancock county to Floyd county for trial.

On a showing of defendant's indigency, Terry E. Branstad was appointed to defend him, and on November 15, 1976 defendant's counsel filed an application with the trial court for permission to take depositions of certain police officers and other witnesses. On the same date, following the hearing, an order was entered permitting the taking of depositions by tape recorder. Subsequently, defendant's counsel requested the court to clarify its order with respect to the taking of depositions, following which the court adhered to its prior ruling that the depositions were to be taken by tape recording and ordered no transcript of the same would be provided unless the defendant arranged for them at his own expense.

On December 13 hearing was held on defendant's motion in limine to exclude evidence concerning certain alleged criminal acts which had occurred in Winnebago county in the early evening of October 5, 1977, prior to the incident out of which the criminal information in this case grew.

At trial defendant requested an instruction on intoxication as a defense, which was not given by the court as requested.

The defendant states the following issues for review:

(1) That trial court erred in refusing to permit the defendant, an indigent, to take depositions of State witnesses by stenographic means and in refusing to allow the tape recordings which were taken to be transcribed except at the expense of the defendant.

(2) Trial court erred in refusing to give an instruction relating to the voluntary intoxication issue, which explicitly stated that the State had the burden of proving beyond a reasonable doubt the specific intent necessary in order to convict a defendant.

(3) Trial court abused its discretion in its failure to grant defense counsel's motion for a mistrial after a witness had volunteered testimony which the defendant contends violated the court's ruling on a motion in limine that defendant had committed other crimes in another county on the same day and which testimony the defendant contends was inflammatory and highly prejudicial.

■■■ I. Defendant claims the trial court erred in not permitting defendant to take depositions of State witnesses by stenographic means. Conversely, the State contends the trial court was correct in allowing depositions to be taken by tape recordings, and that the defendant did not preserve error in this regard. The record discloses the trial court in an oral ruling directed defendant's counsel to take the depositions of the State witnesses by tape recording, and denied defense counsel's application for a transcript of the tapes at State expense.

Section 781.10, The Code, allows a defendant to take discovery depositions of State's witnesses and provides:

"A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions."

Rule 140(b)(4), Rules of Civil Procedure, provides:

"The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."

The order of the trial court for the taking of depositions of State's witnesses by means other than stenographic was at the court's own instance with only the reluctant agreement of counsel and not upon motion as required by rule 140(b)(4), R.C.P., which the court should have adhered to under § 781.-10, The Code. There was nothing in the court's order indicating that it was providing for the manner of recording, preserving or filing the depositions, leaving the accuracy of the recording and its trustworthiness open to question. Such failure by the trial court to provide for the perpetuation of the deposition testimony handicapped defendant's counsel and precluded effective assistance of counsel to the defendant as is required under § I, amendment 14 of the United States Constitution and §§ IX and X, Article I of the Iowa Constitution. See *State v. Williams*, 207 N.W.2d 98, 104 (Iowa 1973). We conclude trial court committed reversible error in not having followed the statutory direction and in not complying with the rule above referred to.

The State contends defendant did not preserve error since no offer of proof was made and objection to the court's ruling was not renewed in his motion for a new trial. The trial court's order which provided no means for preserving a recording made an offer of proof futile and the objection made by counsel at the time the order was made was, in our judgment, adequate to preserve error without the necessity of raising it again in a motion for new trial. We conclude the trial court's failure to afford defendant facilities for preserving the deposition testimony of the State's witnesses was prejudicial to the defendant and precluded his counsel from effectively representing him.

■ II. The defendant next contends the trial court erred in refusing to give defendant's proposed instruction on intoxication, and in giving an intoxication instruction to the jury which did not specifically inform the jury as to who had the burden of proof with the possible result that the jury may have been given the impression the burden rested on defendant to prove his voluntary intoxication defense.

The State suggests the instruction did not mislead the jury since the instructions, taken as a whole, placed the burden of proving the specific intent necessary to commit assault with intent to commit murder on the State. In this regard, the State points specifically to instruction 2 which apprised the jury the burden is on the State to prove all of the elements of the charge, instruction 5 which advised the jury that intent is a necessary element of the charge of assault with intent to commit murder, and also instructions 6 and 7 which advised the jury that intent is a necessary element of the lesser included offenses. Instructions 8, 9 and 10 again mention intent as a necessary element of the charge lodged against the defendant by information. Further, instruction 13 states that intent, if it is an element of the charge, must be proven beyond a reasonable doubt, and instruction 17 states that intent is a necessary element of the charge.

We recently addressed the problem of the burden of proof in relation to the intoxication defense in *State v. Templeton*, 258 N.W.2d 380 (Iowa 1977). There we said:

"[W]hen a defendant urges a defense of voluntary intoxication which is supported by substantial evidence, such evidence is to be considered by the jury on the material issue in the State's case upon which it bears in determining whether the State has met its burden to prove the element involved beyond a reasonable doubt. This does not mean the State must prove as an additional element that the defendant was not prevented from forming specific intent by reason of intoxication; it means only that the burden of proving specific intent does not leave the State even when the defendant relies on an intoxication defense." 258 N.W.2d at 383.

In *Templeton*, the questioned instruction was similar to the one given in this case except there was a different introductory paragraph, a paragraph which defendant's counsel thought shifted the burden of proof on the issue of specific intent in relation to

the intoxication defense, and the language at the end of the instruction which reiterated that the State had the burden to prove the defendant guilty beyond a reasonable doubt. We held the instruction did not shift the burden in light of other instructions which advised the jury the State had the burden to prove all elements of the charge beyond a reasonable doubt and that there was a requisite intent element to the offense charged. We also recommended Uniform Instruction No. 501.18 be used in conjunction with the defense of intoxication.

We are persuaded the questioned instruction in this case did not place the burden on the defendant to prove his intoxication defense. The other instructions mentioned above stated that the prosecution had the burden to prove all elements of the charge beyond a reasonable doubt, and either provided that intent was a necessary element or that intent where an element of the charge, must be proven beyond a reasonable doubt.

Looking at the instructions in this case in their entirety, we conclude the questioned instruction did not shift the burden of proof to the defendant. *State v. Tensley*, 249 N.W.2d 659, 662 (Iowa 1977). The instruction given by the trial court followed Uniform Instruction No. 501.18 almost verbatim as was recommended by this court in *Templeton*.

■ III. The defendant in his third issue presented for review, asserts the trial court abused its discretion in its failure to sustain defendant's motion for a mistrial following testimony, which was elicited from the witness Thorson on cross-examination by the State, concerning other criminal acts committed by defendant on the day of the alleged offense. Defendant asserts such testimony was violative of the court's ruling sustaining defendant's motion in limine.

Harold Thorson, who was with the defendant on the day the offense was alleged to have been committed, was called as a witness for the defendant to establish that defendant had been intoxicated at the time of the commission of the alleged offense.

Thorson testified on direct examination about the purchase of beer in Lake Mills. On cross-examination the prosecutor interrogated Thorson about events in Lake Mills as follows:

"Q. What did you do in Lake Mills while you were consuming this alcohol?

"A. We weren't there very long.

"Q. Okay. What did you do while you were in lake Mills?

"A. I got gas in the car.

"Q. And after you got gas, where did you go?

"A. Well, we left town after Mr. Gambell shot a hole in the cop car."

At this time defendant's counsel made the following record:

"MR. BRANSTAD: I object, Your Honor, and I ask this be struck. I think this question is inflammatory and it's irrelevant and it's very highly prejudicial.

"THE COURT: Sustained.

"MR. BRANSTAD: Your Honor, I'd like to ask for a recess at this time to make a motion.

"THE COURT: All right, you may do so. The jury will heed the admonition heretofore given and will retire."

Then, in the absence of the jury the counsel for the defendant made a motion for a mistrial, stating that the motion in limine specifically required that the previous shooting incidents in Lake Mills and Forest City were not admissible, and that despite such ruling the prosecuting attorney specifically kept asking questions until the point was reached that the witness related the alleged criminal act which had been previously committed in Lake Mills.

Counsel for the State resisted the motion for mistrial, stating that counsel for the defendant had opened up the area of interrogation on direct examination, and that in any event the statement made by the witness was not prejudicial. The court overruled the motion for mistrial, commenting that it did not believe the comment was prejudicial.

It is noted that counsel for the defendant made no request of the court for an admo-

nition to the jury to disregard the comment of the witness Thorson. Defense counsel's motion to strike the comment by Thorson was sustained.

Irrespective of the State's contention the error was not preserved, we are of the view the testimony concerning the shooting at the police car in Lake Mills could be considered part of the circumstances surrounding the commission of the offense for which defendant was being prosecuted in this case. The witness made a fair answer to the interrogation of the State's counsel on cross-examination concerning a circumstance interwoven and interrelated with the circumstances of the crime defendant is charged with having committed. We cannot subscribe to the defendant's contention the court erred in refusing to declare a mistrial. See *State v. Drake*, 219 N.W.2d 492, 494 (Iowa 1974); *State v. Lyons*, 210 N.W.2d 543, 546 (Iowa 1973).

This case is reversed on the first ground stated by defendant for review, namely, that the trial court erred in refusing to permit the depositions to be transcribed at State expense. The refusal to provide the transcript of the deposition testimony precluded defendant's counsel from effectively representing defendant, and defendant's entitlement to a fair trial.

This case is, therefore, reversed and remanded.

REVERSED AND REMANDED.

All Justices concur except RAWLINGS, J., who concurs specially.

RAWLINGS, Justice (concurring specially).

I agree with the views expressed in Division I and reach the same result as does the majority. However, for reasons expressed in my *State v. Templeton*, 258 N.W.2d 380, 384 (Iowa 1977) dissent, I would also reverse upon the basis of the Division II intoxication instructions here given.