**UNITED STATES of America, Appellee,**

**v.**

**Johnny Junior CRAWFORD, Appellant.**

**No. 79–1191.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1979.

Decided July 12, 1979.

Rehearing Denied Aug. 13, 1979.

Andrew F. Puzder, St. Louis, Mo., argued and filed brief, for appellant.

David V. Capes, Asst. U. S. Atty., St. Louis, Mo., argued; Robert D. Kingsland, U. S. Atty., and Timothy J. Wilson, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

HEANEY, Circuit Judge.

Johnny Junior Crawford appeals from a conviction by a jury on two counts of transporting stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 2312. The sole ground of this appeal is Crawford's contention that he was denied a fair trial due to ineffective assistance of counsel. On this basis, he seeks a new trial or, barring that, an evidentiary hearing on the issue. As we find no substance to Crawford's appeal, the requested relief is denied and the conviction is affirmed.

At trial, the primary theory of Crawford's defense was that he lacked the mental capacity to commit the offenses of which he was charged. In attempting to develop this line of defense, Crawford's appointed counsel[1] moved the court for two psychiatric examinations of the defendant. The first of these was conducted by government doctors at the United States Medical Center at Springfield, Missouri; the second by a private physician. It is not contended that there was any lack of skill or diligence in the making of these motions or in the handling of the evidence thus produced. Rather, the focus of Crawford's claim is that he was denied effective assistance of counsel when his trial attorney allegedly mishandled the evidence produced at a prior

psychiatric evaluation, performed some six or seven months after the offenses in question were committed and about four months before the Springfield examination. At trial, Crawford's counsel attempted to question the defendant (the only witness called for the defense) from the medical record of this evaluation. After the government objected on grounds of relevance, both attorneys approached the bench and, out of the hearing of the jury, Crawford's counsel attempted to submit the medical record as an offer of proof for his line of questions. The court, finding the report to be hearsay, denied the offer[2] and, thus, the medical record was not made a part of the trial record. Crawford's complaint is that his counsel did not more diligently pursue the evidence contained in the medical record by subpoenaing the doctors who made this evaluation to testify as to their conclusions on the defendant's mental state.

As we said in *United States v. Bad Cob,* 560 F.2d 877 (8th Cir. 1977):

> The standard established by our prior decisions [in ineffective assistance of counsel cases] is "that trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." In addition, to support an allegation of ineffective counsel, it must be established that defendant was prejudiced thereby.

*Id.* at 880, quoting *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976) (footnote omitted) (Henley, J., concurring).

Here, as we cannot say that Crawford's defense counsel failed to "exercise the customary skills and diligence that a reason-

---

* HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

1. We assume that there exists no different constitutional standard of review when counsel is appointed rather than retained. *See Crimson v. United States,* 510 F.2d 356, 357, n.2 (8th Cir. 1975) and cases cited therein.

2. We note that the denial of the offer was error. *See generally* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* § 103[03] (1978). That defense counsel made the offer in the face of the government's objection is additional evidence of his competence.

ably competent attorney would perform under similar circumstances," *id.*, we need not reach the issue of prejudice. In attempting to develop a defense of mental incompetency, defense counsel requested and received two psychiatric evaluations of his client. There was no lack of diligence in not pursuing the findings of a third and prior evaluation, particularly when it appears that those findings were of questionable assistance to the defendant's case. It is reasonable to believe that if the prior evaluation contained valuable and probative evidence, defense counsel would not have needed the additional psychiatric evaluation he requested prior to trial. It was indicated at trial that the prior evaluation reached a diagnosis that the defendant was a paranoid schizophrenic. This diagnosis would be relevant to the issue of the defendant's mental capacity to commit the offenses charged if it also concluded that the defendant had been suffering from this illness at the time of the alleged offenses eight months previous. There is no suggestion that it does so.

In short, this is not a case in which counsel has made no attempt to explore the defendant's proffered line of defense, *see Thomas v. Wyrick*, 535 F.2d 407 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976), and *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974), but one in which counsel declined, for reasons of trial strategy, to pursue a faltering line of defense to its utmost limits.

Affirmed.