Elbert James HINKLE, Appellant,

v.

David SCURR, Warden, Iowa State Penitentiary and Attorney General, State of Iowa, Appellees.

No. 81–1693.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided May 12, 1982.

kansas.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

James P. Cleary, Robert Ullman, Student Atty.-Legal Intern, Des Moines, Iowa, for appellant.

Before HENLEY, Circuit Judge, GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Elbert James Hinkle appeals from the denial of his petition for habeas corpus relief in the District Court[1] for the Southern District of Iowa. For reversal appellant argues that he was denied due process of law because (1) his psychiatric examination was inadequate, (2) he did not receive effective assistance of counsel, and (3) the voluntary intoxication defense instruction improperly shifted the burden of persuasion on the element of intent from the prosecu-

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

tion to the defense. For the reasons discussed below, we affirm the judgment of the district court.

In 1973 appellant was found guilty by a jury of first degree murder for the death of his former girlfriend.[2] Appellant was sentenced to life imprisonment. The theory of the prosecution was felony murder: appellant killed his former girlfriend while committing a burglary (appellant broke into her house at night with the intent to commit rape, thus committing a burglary), in violation of Iowa Code § 690.2 (1975) (replaced by Iowa Code Ann. § 707.2 (West 1979). The conviction was affirmed on direct appeal, *State v. Hinkle*, 229 N.W.2d 744 (Iowa 1975), and post-conviction relief was denied, *Hinkle v. State*, 290 N.W.2d 28 (Iowa 1980). Appellant then filed this petition for habeas corpus relief. Following an evidentiary hearing and consideration of the entire record, including transcripts of the trial and post-conviction hearing, the district court denied the petition. *Hinkle v. Scurr*, Civil No. 80–357–D (S.D.Iowa May 29, 1981).

Appellant first argues that he was denied due process because his pretrial psychiatric examination was inadequate to evaluate his criminal responsibility at the time of the incident. About a week before trial defense counsel filed a dual motion for a psychiatric examination to determine appellant's competency to stand trial and criminal responsibility. The trial court granted the motion. Appellant was examined in jail; a psychologist gave appellant a series of standard psychological tests. The testing process lasted about seventy-five minutes. The psychologist found appellant to be of low normal intelligence but found no brain damage or evidence of psychiatric dis-

order. Appellant was then interviewed by a psychiatrist, Dr. Paul Loeffelholz, for about ninety minutes. Based upon the interview, the results of the psychological tests, and reference to written reports about appellant's case (the content of these reports is not known), Dr. Loeffelholz concluded that appellant was competent to stand trial and reported his findings to the trial court. Defense counsel requested a supplemental psychiatric examination because Dr. Loeffelholz had filed no report as to appellant's criminal responsibility. The trial court denied the motion for further examination and, at the request of the trial court or the prosecutor, Dr. Loeffelholz submitted another report, without conducting another interview, finding appellant criminally responsible.

Appellant argues that the psychiatric examination was adequate only to determine his competency to stand trial. Appellant argues that the psychiatric examination was too short, conducted in jail and not in a hospital, limited in scope to the question of competency,[3] and did not include a medical examination and certain neurological tests (electroencephalogram, x-rays) necessary to evaluate appellant's complaint of blackouts.

We cannot characterize appellant's psychiatric examination as so inadequate as to have denied him due process of law. Appellant was interviewed by highly qualified professionals. In particular, Dr. Loeffelholz, the examining psychiatrist, is the superintendent and clinical director of the Iowa Security Medical Facility and well acquainted with competency and criminal responsibility examinations. Dr. Loeffelholz testified at the post-conviction relief hearing that in his opinion the examination

2. *See Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980); *State v. Hinkle*, 229 N.W.2d 744, 745–46 (Iowa 1975).

3. Whether a person charged with crime is mentally competent to stand trial is a discrete question, governed by different medical and legal standards from the question of mental responsibility. To be competent to stand trial a defendant must have, at the time of his trial, "sufficient present ability to consult with his lawyer with a reasonable degree of

understanding—and . . . a rational as well as factual understanding of the proceedings against him." A claim that the defendant was not criminally responsible, on the other hand, is unconcerned with the defendant's understanding of his situation at the time of trial, but is directed entirely to his capacity to understand and to control his conduct at the time of the commission of the offense. *United States v. Taylor*, 437 F.2d 371, 375 (4th Cir. 1971) (footnote omitted).

had been sufficient to evaluate both competency and criminal responsibility and, although somewhat limited by time, had not been restricted to the determination of competency. Where the record indicates that the examination is not limited in scope to competency only, the examining psychiatrist can express an opinion on criminal responsibility as well as competency to stand trial. *See United States v. McCracken*, 488 F.2d 406, 411 n.3 (5th Cir. 1974); *Tarvestad v. United States*, 418 F.2d 1043, 1051 (8th Cir. 1969), *cert. denied*, 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116 (1970).

■ Although jail is not an ideal setting for a psychiatric examination, we do not think that the location of the examination is necessarily significant. There is no indication in the record that the jail setting adversely affected the examination.

■ We agree that the duration of the examination is another factor to be considered in evaluating the adequacy of the examination. Here, appellant was interviewed and tested for nearly three hours; half of that time was spent with an experienced psychiatrist. We cannot say that the ninety-minute interview was so brief that the integrity of the examination was impaired, particularly in light of the psychiatrist's assessment that the examination was sufficient and appellant's lack of any history of psychiatric problems or present symptoms. *Compare United States v. Walker*, 537 F.2d 1192, 1195 (4th Cir. 1976) (30-minute interview with defendant who had a history of psychiatric problems and hospitalization held insufficient basis for opinion as to sanity); *United States v. Taylor*, 437 F.2d 371, 378 (4th Cir. 1971) (10-minute interview with defendant with extensive history of mental disturbance, impulsive and hostile behavior, and psychiatric treatment held insufficient for determination of criminal responsibility).

■ We would find the asserted failure to conduct certain neurological tests in order to evaluate appellant's complaint of blackouts more troublesome if appellant himself had not associated his blackouts or loss of memory only with his drinking problem. Dr. Loeffelholz was aware of appellant's alleged childhood head injury but decided that neurological tests were not necessary in the absence of a history of medical treatment for the injury, any history of trauma-related problems, and the probable relationship between appellant's drinking and occasional memory loss.

■ Appellant next argues that he was denied effective assistance of counsel because defense counsel did not promptly and thoroughly investigate the defenses of diminished responsibility or insanity. This argument is in part related to appellant's psychiatric examination argument. Appellant argues that defense counsel did not allow enough time for investigation and preparation of the diminished responsibility and insanity defenses. Defense counsel requested the psychiatric examination about one week before trial, received the competency report several days before trial, but did not receive the criminal responsibility report until the second or third day of trial. Appellant argues that had these defenses been promptly and thoroughly investigated, defense counsel could have introduced additional evidence of appellant's mental condition and perhaps enhanced his plea bargaining position.

> [T]he evaluation of a petition alleging ineffective assistance of counsel involves a two-step process. The petitioner must first show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances.... Second, the petitioner must demonstrate that he was materially prejudiced in the defense of his case by the actions or inactions of his counsel.

*United States v. McMillan*, 606 F.2d 245, 247 (8th Cir. 1979) (per curiam) (citations omitted). "The exercise of reasonable professional judgment, 'even when hindsight reveals a mistake in that judgment, does not render a lawyer ... lacking in competence in rendering his services.' There is a presumption that counsel has rendered effective assistance. To overcome the pre-

sumption, [the petitioner] 'must shoulder a heavy burden.' " *United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir.), *cert. denied*, 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979) (citations omitted).

Appellant has failed to rebut the presumption of competence. Although defense counsel did attribute appellant's blackouts to his drinking, as did the examining psychiatrist, on the basis of appellant's representations, defense counsel requested and obtained a psychiatric examination, reviewed the report, and later sought a supplemental psychiatric examination. Even assuming that defense counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would have exercised under similar circumstances by not requesting a psychiatric examination earlier, there has been no showing of prejudice. Appellant's allegations of prejudice are at most speculative, especially in light of the psychiatrist's determination of criminal responsibility. Under the circumstances, defense counsel's decision to develop the intoxication defense rather than an insanity or diminished responsibility type of defense was reasonable and a matter of trial strategy. *Compare United States v. Crawford*, 601 F.2d 962, 964 (8th Cir. 1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 676, 62 L.Ed.2d 651 (1980) (trial strategy), *with Thomas v. Wyrick*, 535 F.2d 407 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976) (defense not explored).

Appellant next argues that he was denied due process because the voluntary intoxication defense instruction improperly shifted the burden of persuasion on the element of intent from the prosecution to the defense. The instruction given in the present case placed the burden of producing evidence and the risk of nonpersuasion on the issue of intoxication on the defendant. The voluntary intoxication defense instruction provided in part:

> In order for the defendant to avoid responsibility for his alleged act, by rea-

son of his intoxication, he must prove by a preponderance of the evidence that he was in such a state of intoxication that his mind was incapable of forming the criminal intent requisite to the offense charged as defined in these instructions. . . .

> Even though the defendant fails to sustain his burden of proof on this issue, you may consider the evidence of intoxication along with all other evidence in the case, and the lack of evidence, if any, in determining whether or not the State has proved the defendant guilty beyond a reasonable doubt.

Appellant argues that this shifting of the burden of persuasion from the prosecution to the defendant violates due process. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) (*Mullaney* applied retroactively); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Reconciliation of the holdings in *Mullaney* and *Patterson* has been problematic. *E.g., Holloway v. McElroy*, 632 F.2d 605 (5th Cir. 1980), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981); *Cole v. Stevenson*, 620 F.2d 1055 (4th Cir.), *cert. denied*, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980); *United States ex rel. Goddard v. Vaughn*, 614 F.2d 929, 933 n.4 (3d Cir.), *cert. denied*, 449 U.S. 844, 101 S.Ct. 127, 66 L.Ed.2d 53 (1980) (listing scholarly commentary, similarly much divided). However, our exploration of this question is barred by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), because defense counsel failed to properly object to the instruction, *Hinkle v. State*, 290 N.W.2d at 35; *State v. Hinkle*, 229 N.W.2d at 751, and appellant has failed to show cause and actual prejudice.[4]

---

4. Although defense counsel should have made a specific objection to the intoxication instruc-

tion, there is no basis for any claim of ineffective assistance of counsel here. Defense coun-

Accordingly, the judgment of the district court is affirmed.

sel in fact anticipated the shift in the law on this issue. This case was tried *before* the Iowa Supreme Court decided *State v. Buchanan,* 207 N.W.2d 784 (Iowa 1973), where four members of the court urged adoption of the position later approved prospectively in *State v. Templeton,* 258 N.W.2d 380, 382 (Iowa 1977), and of course before *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), was decided. In *Templeton* the Iowa Supreme Court "reject[ed] the rule that a defendant who interposes an intoxication defense has the burden to prove he lacked specific intent because of his intoxication." 258 N.W.2d at 382. The court held that

> when a defendant urges a defense of voluntary intoxication which is supported by substantial evidence, such evidence is to be considered by the jury on the material issue in the State's case upon which it bears in determining whether the State has met its burden to prove the element involved beyond a reasonable doubt. This does not mean the State must prove as an additional element that the defendant was not prevented from forming specific intent by reason of intoxication; it means only that the burden of proving specific intent does not leave the State even when the defendant relies on an intoxication defense. The distinction between the burden of producing evidence and the burden of per-

suasion is involved here. *See* 9 Wigmore on Evidence §§ 2485–2489 (3d ed. 1940). The defendant retains the obligation to raise a fact question for the jury on the intoxication issue regardless of the source of the evidence, but when such evidence is adduced the risk of nonpersuasion on the affected element remains with the State.

*Id.* at 383.

We find no actual prejudice to appellant because the rule on intoxication as a defense as applied in appellant's case and as applied after *Templeton* did *not* relieve the state of the burden of persuasion beyond a reasonable doubt of every element of the crime charged. The state had the burden of persuasion on the issue of intent here, that is, whether appellant had the requisite intent to commit rape. *See Patterson v. New York,* 432 U.S. 197, 210–215, 97 S.Ct. 2319, 2327–2329, 53 L.Ed.2d 281 (1977); *cf. State v. Wharff,* 257 Iowa 871, 134 N.W.2d 922, 925 (1965) (intoxication characterized as an affirmative defense). The state did not unconstitutionally shift the burden of proof of intent to appellant, *Sandstrom v. Montana,* 442 U.S. 510, 524, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979), or use a presumption to prove an element of the crime, *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).